JACOWAY *v.* HALL.

Opinion delivered January 13, 1900.

1. ESTOPPEL—ACCEPTANCE OF PART OF APPORTIONMENT.—Acceptance by a creditor of a part of the amount apportioned and ordered to be paid on the creditor's probated judgment will not estop such creditor from subsequently procuring an execution to be issued for collection of the balance of the amount so apportioned. (Page 343.)

2. LIMITATION—JUDGMENT AGAINST TRUSTEE.—If an order of the probate court directing the administrator to make a *pro rata* payment upon the claims probated against the estate be a judgment, and its enforcement be barred after ten years, still if no final settlement was made, nor the trust renounced, and the fund remained in the hand of the administrator as a trustee, he would acquire no right to such fund by lapse of time, and the creditors could obtain another order for payment of their claims. (Page 344.)

3. TENDER—SUFFICIENCY.—A tender by an administrator of the amount he had been ordered by the court to pay *pro rata* upon probated claims will be of no avail if he demanded as a condition of payment that the creditors should execute receipts in full of their demands against the estate. (Page 344.)

4. ADMINISTRATOR—ATTORNEY'S FEES.—While attorney's fees may be allowed to an administrator who is wrongfully assailed in the courts, no credit should be allowed him for attorney's fees paid for resisting proper charges against him, as for defending a suit brought against him to compel him to perform a legal duty. (Page 345.)

5. SAME—DEALINGS WITH ESTATE.—An administrator is not allowed to make a profit for himself by buying in claims against the estate or by paying them at a discount. (Page 345.)

6. SAME—INTEREST.—Where an administrator has held funds of the estate in his hands for over 25 years, he should be charged with interest thereon. (Page 347.)

Appeal from Yell Circuit Court, Danville District.

JEREMIAH G. WALLACE, Judge.

*J. C. Hart* and *Rose, Hemingway & Rose,* for appellant.

The chancery court had no jurisdiction to try the case again after its reversal, until the mandate was filed. 10 Ark. 453. The judgment of the probate court ordering a *pro rata* payment was *in rem;* hence it is a valid estoppel against the world. Big. Est. 45, 200, 329 and 600; 16 Mass. 299; 50 Ark. 201; 53 Ark. 514. It was error for the court to overrule appellant's plea of the ten-year. statute of limitation as to judgments. A probate allowance is a judgment, within the meaning of that statute. 23 Ark. 169; 48 Ark. 282. This plea can be made by an administrator against creditors. 28 Ark. 19; 48 Ark. 282. The statute commenced to run against creditors' bills in this case at the date of the confirmation of the account by the probate court. 42 Ark. 493; 46 Ark. 38. The statute of limitations runs against the constructive trust arising from the purchase by the administrator of land under execution in favor of the estate. 58 Ark. 91. The right to enforce settlement of claims, as against the administrator, either partial or entire, accrues upon the order of the court directing payment by him. 37 Ark. 159; 38 Ark. 474; 47 Ark. 226; 48 Ark. 282; 46 Ark. 260; 10 S. W. 313; 7 S. W. 557. The order of the probate court as to attorney's fees had the force and effect of a judgment, and the court had no power to modify, alter or vacate it after term time. 12 Ark. 95; 39 Ark. 495; 38 Ark. 457; 36 Ark. 589; 35 Ark. 212; 26 Ark. 94; 31 Ark. 83. Nor can this judgment be collaterally attacked. 35 Ark. 305; 19 Ark. 499; 11 Ark. 519; 12 Ark. 84; 25 Ark. 52. The administrator was entitled to employ counsel to defend these suits, and the estate is liable for the fees of such counsel.

27 Ark. 326, Woerner, Adm. 1145; Schoul. Exrs. 545; 25
Am. Rep. 598; 24 Ala. 259; 12 S. W. 460; 13 Bush, 111, 116.
Sections 217 and 219, Sand. & H. Dig., do not apply to this case.
61 Ark. 413; 30 Ark. 314, 321; 38 Ark. 139; 62 Ark. 226;
35 Ark. 267, 276.

*G. S. Cunningham*, for appellee.

Appellant is estopped from prosecuting his appeal. 57
Ark. 638; 64 Ark. 257; 5 Bush, 230; 29 N. Y. Sup. Ct. 794;
12 So. 594; 33 N. E. 1112; 4 Hun, 269; 14 Hun, 420; 8 Re·
porter, 202; 72 Ill. 341; 68 Ill. 37.

· RIDDICK, J. This case commenced in the probate court,
and the questions involved arise on exceptions filed by certain
creditors to a settlement of W. D. Jacoway as administrator of
the estate of Samuel Dickens, deceased. The administration of
Dickens' estate commenced in 1867, and, it seems, should have
been ended long ago, but by reason of litigation arising out of
certain settlements filed by the administrator the administra-
tion is yet unclosed. Some of the questions involved in the
litigation referred to have been twice before this court, and a
fuller history of the administration of this estate, and of the
litigation in which the administrator became involved, can be
found by reference to former decisions of this court. See
*Dyer* v. *Jacoway*, 42 Ark. 186; *Dyer* v. *Jacoway*, 50 Ark. 217.

It is only necessary for us to refer briefly to the history
of this past litigation. During the progress of the administra-
tion the probate court in 1875, after the administrator had filed
his fifth account current, made an·order that he should pay upon
the debts of the fourth class, which had been probated and al-
lowed against the estate, the sum of 39 cents and 8 mills on
the dollar of such debts. Under this order the administrator
paid to most of the creditors that proportion of their claims,
and took from them receipts in full of all claims against the
estate. Two of the creditors, Mrs. J. A. Johnston and A. J.
Dyer, who are appellees here, refused to accept the amount
offered in full settlement of their claims, and for that reason
they were not paid. These parties subsequently filed a com-
plaint in equity in the Yell circuit court, alleging that the said

fifth settlement of the administrator was fraudulent in many respects, and asking that the court set aside and restate said settlement. At the end of this litigation many of the allegations of fraud made against the administrator were overruled, but others were sustained, and the lawsuit resulted in charging the administrator with additional items, amounting in the aggregate to over five hundred dollars. After the case had been remanded to the probate court, the administrator filed in that court what is called his seventh and final settlement, and the questions here arise on exceptions to that settlement. The case was appealed from the probate to the circuit court, and from the judgment of the circuit court both parties appealed to this court.

Counsel for the administrator have devoted several pages of their brief to a criticism of the decree made by the Yell circuit court in chancery in 1893, which decree finally disposed of the questions arising in the action to set aside and restate the fifth settlement of the administrator. But, as that court, we think, had jurisdiction of the case, and as no one appealed from the decree, we consider it unnecessary to notice that portion of the argument, for in our opinion it can have no effect upon the decision of this case.

*Estoppel.* After the probate court had ordered the administrator to pay *pro rata* 39 cents and 8 mills on the dollar, Mrs. Johnston accepted $35 from the administrator upon her claim, and afterwards ordered an execution to be issued for the collection of the balance of this apportionment. Counsel for the administrator now say that by these acts on her part "she and her representatives are estopped." But in what respect they are estopped, counsel do not say. Her representative makes no claim to the $35 paid by the administrator, and there is no contention as to that. As to the balance, certainly an unsuccessful effort to collect a judgment does not estop the party owning it from making other efforts in the same direction. Nor is there any inconsistency in the effort of a creditor to collect from an administrator the sum apportioned to his claim by the probate court in part satisfaction thereof, and a demand by him that the administrator

be ordered to pay other and further sums upon said claim. It is the duty of the probate court from time to time to apportion among the creditors money shown by the settlement of the administrator to be in his hands after payment of expenses. A collection of, or an effort to collect, one of these apportionments does not estop the creditor from showing that there are still other sums due from the administrator. We are therefore unable to see that the circuit court erred in overruling this contention.

*Limitations.* We concur in the ruling of the circuit judge in refusing to sustain the plea of the statute of limitations set up by the administrator. An administrator is a trustee, and pending the administration the funds in his hands are held as such for the creditors and others interested in the estate. It is a general rule that the statute of limitations does not affect the rights of the *cestui que trust*, so long as the trust relation continues. In this case no final settlement had been made, and the administration was in active operation. Although the probate court made in 1875 an apportionment of money shown by the settlement of the administrator to be in his hands, still appellees soon afterwards attacked such settlement for fraud, alleging that they were entitled to still larger sums than those apportioned, and litigation has continued over that matter until the present time. If we should hold that the order of the probate court directing the administrator to make a *pro rata* payment upon tne claims probated against the estate was a judgment, and barred after ten years, yet, no final settlement having been made, nor the trust renounced, and the fund in the hands of the administrator being held by him as a trustee, he would acquire no right to it by such lapse of time, and the creditor could obtain another order for its payment. For these reasons we think the circuit court correctly held that the statute of limitations was of no avail in this case.

*Tender.* The appellant also claims that in 1875 he tendered to appellees the full amounts due upon their claims. But the circuit court found to the contrary. It is also admitted by the administrator that he demanded as a condition of the tender that they should execute receipts in full of their demands

against the estate.    The sums tendered did not pay the claims of appellees in full, and, even if it was their full *pro rata* of the assets of the estate, still the condition that they should exe- cute receipts in full was one he had no right to impose, and rendered the tender of no avail.    *Fields* v. *Danenhower*, 65 Ark. 393.    The administrator was entitled to a receipt for the sum paid, but he had not the slightest right to demand of the creditors that they should surrender their right to participate in any further assets of the estate as a condition of receiving money that already belonged to them, and which the court had ordered him to pay.

*Attorney's Fees.*    The administrator in his settlement asked an allowance for attorney's fees amounting to $1,457.75, but the circuit court allowed only $650 for this purpose.    When a settlement of an administrator is wrongfully assailed in the courts, it is just, and in accordance with the decisions, to allow attorney's fees necessarily incurred in defense thereof, but no credit should be allowed for fees of attorneys paid by the ad- ministrator in resisting proper charges against him, or in de- fending a suit brought against him to compel him to perform a legal duty when he is in fault.    11 Am. & Eng. Enc. Law (2 Ed.), p. 1246; Woerner, Adm. (2 Ed.) 1149.

The attorney's fees for which the administrator asks an allowance in this case were paid in defending charges of fraud and misconduct on his part which were in part sustained and in part overruled.    In fixing the allowance for such fees, the circuit judge properly took into consideration the rule that the administrator is not entitled to counsel fees paid for defending litigation caused by his own fault.    Being familiar with the services rendered, the judge in fixing the allowance could act upon his own knowledge of their value, and we would not overturn his finding thereon, unless clearly erroneous.    The amount allowed was, we think, sufficient to cover legitimate charges for attorney's fees, and it is approved.    *Harrison* v. *Perea*, 168 U. S. 311–326; *Fowler* v. *Equitable Trust Co.*, 141 U. S. 411–415.

It appears that, with the exception of Dyer and Johnston, the administrator has settled with all the creditors of the es-

tate having fourth class claims. The circuit judge finds that the administrator settled with these creditors at 39 cents and 8 mills on the dollar of their claims, and has their receipts in full of all demands against the estate, though he finds that the administrator had in his hands funds sufficient to pay each of them 45 cents and 3 mills on the dollar, and that they were each entitled to that *pro rata* payment. The administrator contends that, in the absence of any demand on the part of the creditors with whom he has settled, he should be allowed to retain the difference between the amounts he paid and that to which they were entitled. This sum amounted to $557.85, and the circuit judge sustained the contention of the administrator, on the ground that "the administrator settled with the creditors at a time when there was a contention as to the *pro rata* they were entitled to receive." But we do not concur in this conclusion, for, if there was a dispute as to the amount to which these creditors were entitled, it was a matter between the estate and the creditor, in which the administrator had no personal interest. He represented the estate, and, if any thing was gained by the compromise it belongs to the estate, and not to him. An administrator is not allowed to make a profit for himself by buying in the claims against the estate or by paying them at a discount.

This rule was applied in this court in a case where the purchase was made by the administrator out of his own funds, and by borrowing money at high rates of interest, and when the estate was thereby saved from insolvency; the court saying that it was an inflexible rule of equity that all profits made by a trustee in dealing with the trust estate belong to the *cestui que trust.* *Trimble* v. *James,* 40 Ark. 393; *Wolf* v. *Banks,* 41 *ib.* 104; 2 Woerner, Adm. (2 Ed.) 1157; 11 Am. & Eng. Enc. Law (2 Ed.), 982.

It is the duty of the administrator to pay creditors of the estate, as far as the assets in his hands permit; but the rule contended for here would encourage an administrator to delay and thwart the creditor in the collection of his just claim, for by so doing the administrator might force him to a compromise, and so make a profit for himself. The law wisely permits no

such temptation to misconduct on the part of such trustees. We therefore hold that the circuit court erred in allowing the administrator credit for larger sums than were actually paid by him to the creditors. If the compromise was binding on the creditors, the profit goes to the estate, and inures to the benefit of those creditors still having valid claims against it, for the administrator can be allowed credits only for sums actually paid. *Trimble* v. *James, supra,* and *Wolf* v. *Banks, supra.*

The administrator having held the funds of the estate in his hands for over twenty-five years, he should of course be charged with interest thereon. The ruling of the circuit court on that point does not seem to be disputed, and is affirmed.

There are other questions raised concerning small items, but, as most of them involve questions of bookkeeping rather than of law, we will not discuss them here, but will, if necessary, hand to the clerk directions in regard to the same.

For the errors indicated, the judgment of the circuit court will be reversed, and the clerk of this court will be directed to restate the account in accordance with the views above stated, and report to this court the balance found due from the administrator to the estate.