## LILLY *v.* ROBINSON MERCANTILE COMPANY.

### Opinion delivered February 10, 1913.

1.  ATTORNEY'S FEE—FINDING OF COURT.—In an action by an attorney to collect a fee for services rendered, it is the duty of the court to consider the services rendered, and the opinion of the witnesses as to the value of the same, and to weigh it in accordance with his general knowledge of the subject, and the finding of a certain sum to be a reasonable fee, will not be disturbed on appeal. (Page 572.)

2.  WITNESS—UNDISPUTED TESTIMONY.—Where in an action to collect attorney's fees the plaintiff is the only witness testifying, and his testimony disclosed what the services consisted of and he being interested in the result of the suit, and it being reasonable to draw an inference from the facts stated unfavorable to his conclusion, it can not be said that his testimony was undisputed. (Page 574.)

Appeal from Mississippi Circuit Court, Osceola District; *D. F. Taylor,* Special Judge; affirmed.

### STATEMENT OF FACTS.

Appellant brought suit in the circuit court to recover an attorney's fee of $100 for services rendered appellee.

Only one witness, the plaintiff, testified and he stated that $100, the amount claimed, was a reasonable fee for the services performed, and the court made a special finding of facts and rendered the following judgment:

"This matter coming on to be heard October 15, 1912, before Hon. D. F. Taylor, special judge, and the court announcing its conclusions of law and fact, and in compliance with the request of the plaintiff for a special finding of fact and declaration of law, doth find the facts to be that the plaintiff, an attorney at law, was employed by the defendant to bring suit on a foreign judgment,

and did bring said suit and recovered judgment for the sum of about $1,700, as alleged in the complaint, and the defendant agreed to pay him a reasonable fee therefor, and according to the greater weight of the evidence a fee of more than $50 for said services would be reasonable, but the court declares the law to be that such evidence is advisory only, and finds that a fee of $50 for said services would be reasonable.

"It is therefore, considered, ordered and adjudged and decreed that the plaintiff, Lilly, have and recover of the defendant said sum of $50 and costs."

From this judgment plaintiff prosecutes this appeal.

*Appellant, pro se.*

The court should have been guided by the weight of the evidence. A court or jury is not bound to accept the testimony of any witness literally, but in any case it is bound by the weight of the evidence. 57 Ark. 467; 22 N. E. 510, 511; 122 S. W. 661. See also 38 Ark. 149; 136 S. W. 659; 74 S. W. 208; 164 Ill. 499; 121 Ill. App. 389; 139 Ill. App. 190; 73 N. Y. Sup. 1013.

*Appellee, pro se.*

The court was not bound by the weight of the evidence, but had the right to bring to bear upon the question his own general knowledge and experience. 105 U. S. 49; 136 S. W. 659.

KIRBY, J., (after stating the facts). It is contended that the court erred in fixing the fee at $50, after having found that, "according to the greater weight of the evidence a fee of more than $50 for the service rendered would be reasonable," the judgment for that sum being against the preponderance of the testimony and known by the court to be so.

The question of what is a reasonable attorney's fee for services performed in a case where such inquiry arises is usually one of fact to be determined from the weight of the evidence. *Rachels & Robinson* v. *Doniphan Lbr. Co.,* 136 S. W. (Ark.) 659; *Casler* v. *Byres,* 22 N. E. (Ill.) 510-511; *Head* v. *Hargrave,* 105 U. S. 49.

In the *Rachels & Robinson* v. *Doniphan Lbr. Co.,*

136 S. W. 659 case, the court said: "In *Bell* v. *Welch, Admr.,* 38 Ark. 139, it was held that a jury can only assess such fee upon proper proof, which may include the testimony of other attorneys, as to what would be a reasonable fee under the circumstances, taking into consideration the value of the services actually rendered."

In *Jacoway* v. *Hall,* 67 Ark. 345, a case of allowance of attorney's fee to an administrator, the court said: "Being familiar with the services rendered, the judge, in fixing the allowance, could act upon his own knowledge of their value, and we would not overturn his finding thereon, unless clearly erroneous."

In *Phoenix Insurance Co.* v. *Fleenor,* 148 S. W. (Ark.) 650, the trial judge fixed a reasonable fee for plaintiff's attorney under the statute in a suit upon a fire insurance policy, without hearing any testimony upon the question, and this court held that such finding was not without evidence to support it since, the trial court had the whole matter before him, and was familiar with the case and the service rendered by the attorney therein.

It is true but one witness testified in this case as to the value of the service rendered, but his testimony disclosed what that service consisted of, and he being interested in the result of the suit, and it being reasonable to draw an inference from the facts stated unfavorable to his conclusion, it can not be said that it was undisputed. *Skillern* v. *Baker,* 82 Ark. 86.

It is also true the finding of facts recites that according to the greater weight of the evidence a fee of more than $50 for the service would be reasonable, but it further states that the testimony is advisory only and finds a fee of $50 to be reasonable. This was but an expression of the judge's opinion that from the testimony introduced an allowance of more than $50 would not have been unreasonable, but that under the circumstances of the case it was the court's judgment that a fee of $50 would be reasonable for the service performed. The court was sitting as a jury in the determination of the matter and

took into consideration the facts of the service performed, as well as the interested attorney's opinion of the value thereof, but he was not required to lay aside his own general knowledge and ideas of such service and the value thereof, and should have applied that knowledge and those ideas to the matters of fact in evidence in determining the weight to be given to the opinion expressed and in no other way could he have arrived at a just conclusion.

It may be conceded that the opinion of the attorney familiar with the subject was entitled to great weight, but it was not to be blindly received, it was to be intelligently examined by the court trying the case in the light of his own general knowledge of the subject of inquiry and should control only as it was found to be reasonable, otherwise the opinion of the witness would be substituted for the judgment of the court.

The court after taking into consideration the services rendered with the opinion of the witness as to the value thereof and weighing it according to his own general knowledge of the subject of inquiry adjudged that fifty dollars would be a reasonable fee and we find no error in his having done so.

The judgment is affirmed.