INDIANA LUMBERMEN'S MUTUAL INSURANCE COMPANY v. MEYERS STAVE & MANUFACTURING COMPANY.

Opinion delivered April 9, 1923.

1. INSURANCE—WARRANTY AS TO MAINTENANCE OF CLEAR SPACE.— Under a fire insurance policy covering "staves, lumber and all other timber products" and warranting "that a clear space of 200 feet shall be maintained between the property insured and any wood-working or manufacturing establishment, and that said space shall not be used for the handling or piling of lumber thereon for temporary purposes," except while in transportation

or being loaded or unloaded, the warranty excluded liability for staves which were burned in a drykiln only 20 feet distant from the mill and engine room.

2. INSURANCE—PENALTY AND ATTORNEY'S FEE.—Crawford & Moses' Dig., § 6068 *et seq.*, exempting fraternal benefit societies from all provisions of the insurance laws of this State, relates only to fraternal societies paying death benefits, and not to fire insurance societies, which are subject to the penalty statute (*Id.* § 6155).

3. INSURANCE—EXCESSIVE ALLOWANCE OF ATTORNEY'S FEE.—In a suit on a policy of fire insurance amounting to $3,000, allowance of an attorney's fee was $1,000 was excessive; the allowance should not be made upon a contingent fee basis, nor upon the basis of the payment of more than one attorney or one firm of attorneys.

4. INSURANCE—WAIVER OF WARRANTY.—Parol evidence is admissible to show an express waiver of an express warranty in a policy of insurance.

Appeal from Clay Circuit Court, Eastern District; *W. W. Bandy,* Judge; reversed.

*Oliver & Oliver,* for appellant.

Appellees had no right to recover on the insurance policies, which did not cover staves while in the drykiln, there being no 200-foot clear space maintained between the insured property and any woodworking establishment as required by terms of contracts. Cooley's B. i^fs on Insurance, 1617-J; *Mich. Shingle Co.* v. *Insurance Co.,* 51 N. W. 1111; *Lumber Underwriters of N. Y.* v. *Rife,* 237 U. S. 605, 59 L. ed. 1140. The court erred in instructing a verdict for appellees. In no event are appellees entitled to recover penalty and attorney's fees from mutual companies without capital stock. Sec. 6016, C. & M. Digest; *United Assurance Assn.* v. *Frederick,* 130 Ark. 12.

*W. E. Spence, Gautney & Dudley,* for appellees.

The court correctly construed the contract, and the 200-foot clear space clause does not prevent recovery of staves destroyed in drykiln. Doubts are resolved in favor of the insured. *Phoenix Ins. Co.* v. *Fleming,* 65 Ark. 54. No agreement in contract that staves and timber products are not insured while not being moved from place to place in yards to effect manufacture. 19

Cyc. 740. 5 Elliott on Contracts, § 4702; *Lathers v. Mutual Fire Insurance Co.,* 22 L. R. A. (N. S.) 848, 15 Am. & E. Cas. 659. Policy effective notwithstanding temporary removal of property insured. *Niagara Fire Ins. Co.* v. *Elliott,* 17. A. S. R. (Va.) 115; *Peterson* v. *Miss. Valley Ins. Co.,* 95 A. D. 748; *Longueville* v. *Western Assurance Co.,* 33 A. R. 146; *McClure* v. *Girard Fire Ins. Co.,* 22 A. R. 249; *Naylor* v. *Northwestern Nat'l. Ins. Co.,* 54 A. R. 631; *Hall* v. *Concordia Fire Ins. Co.,* 90 Mich. 403, 51 N. W. 524; *McKeesport Mach. Company* v. *Benjamin Franklin Ins. Co.,* 171 Pa. St. 53, 34 Atl. 16. Staves were covered by policy while being loaded and unloaded on tramways, notwithstanding clear space clause. *Georgia Home Ins. Co.* v. *Mayfield Planing Mills,* 119 S. W. (Ky.) 1190. Covered while in dry shed and of sheds on premises. *Insurance Co.* v. *Fleming,* 65 Ark. 59. Appellants, foreign mutual fire insurance companies, are liable for penalty and attorney's fees for default in payment, § 6155 Crawford & Moses' Digest. Sec. 6016 does not relate to fire insurance companies. *Fed. Union Surety Co.* v. *Flemister,* 95 Ark. 389; *Ark. Mutual Fire Ins. Co.* v. *Woolverton,* 82 Ark. 472; *Industrial Mutual Ins. Co.* v. *Armstrong,* 93 Ark. 84; *Pacific Mutual Life Ins. Co.* v. *Carter,* 92 Ark. 378. *United Assurance Association* v. *Frederick,* 130 Ark. 12, cited by appellants, has no application here. Attorney's fee allowed not excessive.

McCULLOCH, C. J. This is an action on an insurance policy issued by appellant on staves, lumber and other timber products situated at appellee's plant in the town of Piggott. The policy was in the sum of $3,000, and the proof shows that there was a total destruction of staves of the value of more than $5,000, situated in a dry-kiln at appellee's plant. There was a recovery below for the amount of the policy, also for the statutory penalty and attorney's fees. Appellant defended on the ground that the property destroyed while in the drykiln was not

within the terms of the policy describing the property to be insured.

The clause describing the property, or what is termed the "covering clause" of the policy, reads as follows:

"On their stock of staves, lumber and all other timber products, including piling strips, foundation and covering boards, their own or others, whether held in trust or on commission, or sold but not removed, or for which they may be legally liable, all while contained in sheds and yards on premises of the assured and or leased ground situate on section 11, township 20, range 8, in the town of Piggott, Arkansas."

There was a succeeding clause in the policy reading as follows:

"Warranted by the assured that a continuous clear space of 200 feet shall hereafter be maintained between the property hereby insured and any wood-working or manufacturing establishment, forest or brush land, and that said space shall not be used for the handling or piling of lumber thereon for temporary purposes, tramways upon which lumber is not piled alone being excepted; but this shall not be construed to prohibit loading or unloading within or transportation of lumber and timber products across such clear space, it being expressly understood and agreed by the assured that any violation of this warranty shall render this policy null and void."

It is undisputed that the drykiln in which the burned staves were located was only twenty feet distant from the mill and engine room. In other words, there was not maintained a clear space of 200 feet between the drykiln and the manufacturing establishment as defined in the policy.

The method followed in manufacturing rough timber into the finished product as staves is described as follows: The timber is first cut into bolts and then hauled to the factory, and, after being equalized in the factory

and cut into staves, they are hauled out and stacked on the yards for the purpose of drying, and, after remaining there for from sixty days to a year, they are transported to the drykiln and put there for further drying purposes before being finished. The drying process is conducted by the use of steam carried through the kiln by means of pipes running from the boiler in the engine room. When the staves are hauled to the drykiln, they are unloaded on to two-wheel trucks and rolled into the kiln at one door, and when sufficiently dry they are rolled out the other door on the trucks, and thence carried to the factory to be finished.

The parties differ radically as to the proper interpretation of the contract. Counsel for appellee contend that all the material and finished product anywhere in the sheds or on the yard were covered by the policy. This contention entirely ignores, we think, the warranty clause of the policy, which must be read in connection with the covering clause to reach the proper interpretation. The warranty concerning the maintenance of a clear space between the property insured and the "woodworking or manufacturing establishment" clearly excludes. from the covering clause all property thus situated, except such as is being merely transported or loaded or unloaded in the manner indicated by the language of the exception.

The parties differ as to whether or not the exception concerning the property in transportation or being loaded or unloaded excludes it from the covering clause so as not to come within the protection of the policy. But the burned property was not in transportation, nor was it being loaded or unloaded. It is clear, under the language of the policy, that property in process of being manufactured in the "wood-working or manufacturing establishment," or situated within 200 feet of the establishment, or so situated as not to leave a clear space of at least 200 feet between it and the establishment, except

while in transportation or being loaded or unloaded in the manner indicated, was not covered by the policy. The intention was to permit material or finished product to be transported by tramway along the clear space provided for, and to be transported across the space, by tramway or otherwise, and loaded or unloaded, without excluding it from the covering clause and without affecting the protection given under that clause for other property not situated within 200 feet of the mill. But, as before stated, this property does not fall within that exception, and, on the contrary, it is clearly within the terms of the warranty, and is therefore excluded from the covering clause. Any other view of it would entirely ignore the warranty clause as one of the essential provisions of the policy and would do violence to the manifest intention of the parties in thus framing the contract.

The verdict rendered by the jury was peremptorily directed by the court, and this direction was, we think, erroneous and contrary to what we find to be the proper interpretation of the contract. The error in giving this instruction therefore calls for a reversal of the judgment.

There is evidence in the case tending to show knowledge on the part of the company as to the situation of the property which was insured, but, as this feature of the case was not fully developed and the evidence may be different on another trial, we will not now undertake to determine the legal sufficiency of the evidence to make out a case of waiver by estoppel. The cause will be remanded for a new trial, without an expression at this time concerning the sufficiency of the evidence on that issue.

It is further contended that the court erred in rendering judgment for statutory penalty and attorney's fees, and, in view of another trial of the case, we deem it proper to declare the law upon that question.

It is contended by counsel for appellant that the penalty statute (Crawford & Moses' Digest, § 6155) does

not apply to this kind of insurance. The undisputed evidence shows that appellant is not a stock company in the sense of any investment stock, but it is a foreign insurance company doing business on the mutual plan, and has complied with the laws of Arkansas with reference to such companies doing business here. Counsel rely on the case of *Knights of the Maccabees* v. *Anderson,* 104 Ark. 147, exempting a fraternal company from the operation of the penalty statute.

It will be observed that the penalty statute applies in the broadest terms to suits to recover for losses by "fire, life, health, or accident insurance," but in the Anderson case, *supra,* we held that fraternal benefit societies were exempt from that provision, for the reason that the statute (Kirby's Digest, § 4352, as amended by act of March 28, 1917, Crawford & Moses' Digest, § 6068 *et seq.*) authorizing them to do business, exempted them from the general operation of the insurance law, but the statute containing those exemptions related only to fraternal societies paying death benefits, and did not relate to fire insurance. It follows therefore that appellant company is liable for penalty under the same terms as other fire insurance companies are liable therefor.

The court allowed attorneys' fee of $1,000, and, in view of another trial of the case, we deem it proper to add that this allowance was excessive, for, in fixing attorney's fees under this statute, the allowance should not be made upon a contingent fee basis, nor upon the basis of the payment of more than one attorney or one firm of attorneys in the case. *Mutual Life Ins. Co.* v. *Owen,* 111 Ark. 554.

In remanding the cause for a new trial on the issue as to estoppel we are aware of the fact that we are not in harmony with the decision of the Supreme Court of the United States cited by counsel for appellant (*Lumber Underwriters of New York* v. *Rife,* 237 U. S. 605), where it was held that parol evidence is not admissible to es-

tablish a waiver of an express provision of a policy. This court has heretofore declined to accept the doctrine established by the decision of the Supreme Court of the United States on this subject, and we adhere to our position on that subject. *People's Fire Insurance Assn.* v. *Goyne,* 79 Ark. 315.

The judgment is therefore reversed, and the cause is remanded for a new trial.