SHACKLEFORD v. ARKANSAS BAPTIST COLLEGE.

Opinion delivered March 17, 1930.

*John D. Shackleford,* for appellant.

*Booker & Booker* and *Frauenthal, Sherrill & Johnson,* for appellee.

McHANEY, J. The question presented for our determination in this case is the reasonableness of the fee allowed appellant by the chancery court for his services as attorney for appellee, Arkansas Baptist College, an

institution of learning for negroes in Little Rock, under the following facts: W. W. Wheeler, colored, died testate in Malvern, Arkansas, leaving an estate of from $15,000 to $20,000. By his will, the income from the whole estate, after payment of debts and two specific bequests, was left to his brother and two sisters during their lives, share and share alike, the survivors taking the whole income on the death of either. When all were dead, the corpus of the estate was to be divided equally between the appellee, Arkansas Baptist College and Shorter College (Colored) of North Little Rock. One clause in the will further said: ''And especially request that my administrator, working in harmony with trustees of said institutions, use my said estate in a manner that shall assist worthy colored boys and girls in obtaining a college education.''

This will was admitted to probate in Hot Spring County. A contest was threatened by the collateral heirs, and appellant was employed by the Arkansas Baptist College to represent its interests, he being at the time the regularly retained counsel of said college. No agreement was had between them as to what the fee should be for this special service coming outside of his retainer. No contest developed, however, and, as above stated, the will was probated. Negotiations for an immediate settlement and division of the property were then begun among counsel representing the different interests, the collateral heirs contending for a one-half interest in the whole estate, and the two colleges contending for a larger share. The record does not disclose the ages of the heirs, but appellant testified their expectancy, based upon experience tables, was from thirty to thirty-five years. A settlement was finally agreed upon, whereby the two colleges received 29 1/6 per cent. each of the estate, and the three heirs the remainder or 41 2/3 per cent., to be divided among them. Appellant prepared the order admitting the will to probate, drew the deeds making the division, as above stated, filed exceptions to the execu-

tor's report and settlement which resulted in a saving to his client of approximately $150, and has filed exceptions to the second report and settlement. The proof shows that at the time of trial appellant had collected from said estate for the account of his client $1,878.58. He could not agree with his client as to the amount of his fee, and brought this action to have the chancery court determine a reasonable fee to be paid out of the funds in his hands. The court allowed a fee of $1,527.77, to be paid on a basis of part cash, and the balance as the real estate was converted into cash for which a lien was fixed on the real estate. From this decree comes this appeal and cross-appeal by the college, and a judgment creditor.

This case was tried on the theory that appellant was entitled to a contingent fee. He contended for a contingent fee of 35 per cent. of the amount coming to the Arkansas Baptist College under the will. Two reputable attorneys testified that 33 1-3 per cent. would be a reasonable fee. We think there is no basis for a contingent fee, and that his recovery must be limited to the reasonable value of his services. The general rule is as stated in 2 R. C. L., p. 1048: "In the absence of an express contract of employment between an attorney and his client fixing the amount of the attorney's compensation, it is generally held that the attorney is entitled to what his services are reasonably worth, or what has usually been paid to others for similar services." Neither the trial court, nor this court on appeal, is bound by the testimony of appellant and his expert witnesses in determining the value of his services. Especially is this true on appeal from chancery courts. In *Jacoway* v. *Hall*, 67 Ark. 345, 55 S. W. 12, it was held that the judge could act upon his own knowledge in fixing reasonable compensation, and that this court would not overturn his finding unless clearly erroneous, but this was an appeal from the circuit court. See also *Lilly* v. *Robinson Mercantile Co.*, 106 Ark. 571, 153 S. W. 820. In *Valley Oil Co.* v. *Ready*, 131

Ark. 531, 199 S. W. 915, it is said: "This court, trying the cause *de novo,* may apply to the facts proved its own general knowledge of the subject-matter of inquiry in determining the value of the services that were rendered by the attorneys." *Lilly* v. *Robinson Mercantile Co., supra.* In *Sain* v. *Bogle,* 122 Ark. 14, 182 S. W. 515, it was held that, in determining what is a reasonable fee for an attorney, "it is competent and proper to consider the amount and character of the services rendered, the labor, time and trouble involved, the nature and importance of the litigation or business in which the services are rendered, the amount or value of the property involved in the employment, the skill or experience called for in the performance of the services, and the professional character and standing of the attorneys." In that case an allowance of $4,000 was reduced by this court to $1,000. In *Valley Oil Co.* v. *Ready, supra,* the allowance was reduced from $2,500 to $250. In *Bayou Meto Drainage Dist.* v. *Chapline,* 143 Ark. 446, 220 S. W. 807, an allowance of $6,000 was reduced to $4,000.

Upon a review of all the evidence, and applying the foregoing rules of law, we are of the opinion that the allowance made by the chancery court is excessive, and that an allowance of $500, payable out of the funds in possession of appellant, is ample compensation for the service rendered, in the absence of any agreement as to what the fee should be, and that a judgment should go against appellant for the balance with interest from May 27, 1929, at 6 per cent., each party to pay his own costs of this appeal.

The judgment of the chancery court is therefore modified in accordance with the foregoing, and, as modified, will be affirmed. It is so ordered.