TOWNSEND *v.* WATER & SEWER DISTRICT No. 1.

Opinion delivered March 17, 1930.

*J. S. Townsend,* for appellant.

*Millard Alford* and *McMillan & McMillan,* for appellee.

HART, C. J., (after stating the facts). Appellant insists that he is entitled to recover for the labor, time, and trouble involved to him in the preparation of the petition, ordinances, and in the performance of the other work done by him in the formation of the improvement district in the sum of two per cent. on the amount of the bond issue, which was $115,000. He testified himself that this was the customary fee in cases of this sort and was the reasonable value of his services. His testimony was corroborated by that of another attorney who had much experience in the formation of local improvement districts. Hence he invokes the rule laid down by this court that, where no compensation is fixed by contract, the attorney is entitled to recover for the reasonable value of the services rendered. *Jacoway v. Hall,* 67 Ark. 340, 55 S. W. 12; *Lilly v. Robinson Mercantile Co.,* 106 Ark. 571, 153 S. W. 820; and *Bayou Meto Drainage District v. Chapline,* 143 Ark. 446, 220 S. W. 807.

We do not think the record brings the case within the principles of law above announced, and we do not deem it necessary to decide whether or not appellant or Graves rendered more valuable services in the formation of the improvement district. The record shows that, when the commissioners organized, they unanimously passed a resolution appointing Graves and Townsend as attorneys for the district, and expressly recited in the resolution that they were to receive $250 each for their entire compensation as attorneys. It is true that there was another clause providing for additional compensation in case of litigation, but there was no litigation in the organization of the district. Hence, under the resolution, which

was accepted by the attorneys, they were only entitled to receive $250 each.

It is true that appellant testified that he did not accept the terms of the contract when he was informed by one of the commissioners of the passage of the resolution. He did, however, accept the fee provided for in the resolution, and this amounted in practical effect to an acceptance of the terms of the contract. The last warrant which was drawn for the payment of his services expressly recited that it was for the balance of his attorney's fee. He accepted this without protest, so far as the record discloses. His acts and conduct amounted at least to a ratification or acceptance of the terms of the contract, and he was not thereafter in a position to ask for additional compensation. Therefore, the decree will be affirmed.