ÆTNA LIFE INSURANCE COMPANY *v.* HEIDEN.

Opinion delivered October 5, 1931.

*Frauenthal, Sherrill & Johnson,* for appellant.
*Donham & Fulk,* for appellee.

KIRBY, J., (after stating the facts). The policy was issued and delivered. The premium was not paid, although twice demanded, but the parties swore to a different understanding about whether it was delivered on the condition that it was to cover the operation of a toboggan slide in the swimming pool. Finally appellant notified insured that it refused to cover this risk, the agent again demanding payment of the premium, and negotiations were begun with another agency for a policy that would cover the risks as desired by appellee. The evidence is in conflict as to what the agreement on this point and the surrender of the policy was; appellee claiming that, upon being informed that no other agency would probably issue a policy to cover the risk of a toboggan slide alone, agreed to procure another policy immediately covering all the risks and to surrender appellant's policy when this was done. Negotiations were begun with other agencies, and before any policy was issued, this policy having been demanded after insured's negotiations with other agents and their agreement to issue such policy as desired, was surrendered to appellant company on the morning of August 1, by appellee's wife; not for cancellation, she said, but to prevent her having to make a trip to town upon receipt of the other policy.

Appellant claimed the policy was canceled on the morning of the day of the accident in the evening and denied any liability under the terms of its policy therefor.

The evidence is in conflict, and a careful examination discloses it is sufficient to support the jury's verdict against appellant on the question of liability. .

The court is of opinion, however, that, under the terms of the policy, conceding it to have been in force in accordance with the jury's finding, the lower court erred in refusing to allow the admission of the testimony as to the reasonableness of the fees paid for the defense of the suit and also in instructing the jury that, if they found for appellee, their verdict would be for the amount paid by him to the two firms of attorneys, $1,500 each, less the $100 premium due upon the policy. Appellant company was only bound under the terms of the policy for the defense of the suits, and, having denied any liability and refused to defend them, appellee could only recover reasonable attorney's fees for making the defense against the claims for damages that appellant had denied liability on, and refused to defend against.

Our statute provides for recovery of reasonable attorney's fee for the prosecution and collection of the claims under certain kinds of policies of insurance, and in its construction this court has held that it contemplates the employment of only one competent attorney; and that the reasonableness of the fee for the service performed can be shown by testimony of the opinions of experienced attorneys, qualified to make such statements, and the court's knowledge of such matters may be exercised to some extent in determining the value of such service—the company being required to pay only a reasonable fee for the service and not a speculative or contingent one. *Mutual Life Ins. Co. v. Owen,* 111 Ark. 554, 164 S. W. 720; *Indiana Lumbermen's Mutual Ins. Co. v. Meyers Stave Mfg. Co.,* 158 Ark. 199, 250 S. W. 18; *Maryland Casualty Co. v. Maloney,* 119 Ark. 442, 178 S. W. 387 L. R. A. 1916 A 519; *Lilly v. Robinson Mercantile Co.,* 106 Ark. 571, 153 S. W. 820; *Valley Oil Co. v. Ready,* 131 Ark. 531, 199 S. W. 915; *Shackleford v. Arkansas Baptist College,* 181 Ark. 363, 26 S. W. (2d) 124; *Bayou*

*Meto Drainage Dist.* v. *Chapline,* 143 Ark. 446, 220 S. W. 807.

. The general rule is stated in 36 C. J. 1113, under the title "Liability Insurance" as follows: "Where the insurer does not exercise its right or fulfill its duty to conduct the defense of the action by the injured person against insured, \* \* \* insured should use reasonable care and diligence in conducting the defense, although the policy provides that he must not interfere with the litigation. In such case assured is under a duty to conduct the defense in such a manner as to make the loss as small as he reasonably can; and insurer has no right to control the defense as conducted by insured, and is not entitled to further notice of the proceedings."

In *Shackleford* v. *Ark. Baptist College, supra,* the court said: "The general rule is stated in 2 R. C. L., p. 1048, as follows: 'In the absence of an express contract of employment between an attorney and his client fixing the amount of the attorney's compensation, it is generally held that the attorney is entitled to what his services are reasonably worth, or what has usually been paid to others for similar services'."

No showing was attempted to be made by appellee of the reason of or the necessity for the employment of two attorneys or firms of attorneys in this case and the payment of a fee to each of them of $1,500. The allowance of such an amount for a fee or rather for compensation to two attorneys instead of one, no necessity being shown for the employment of two, was unwarranted and clearly excessive, and the court erred in the failure to allow the introduction of the testimony of experienced attorneys that $500 would have been a reasonable fee for the defense of the suit; and also in taking the question of the reasonableness of the amount paid for such attorneys' fees from the jury by its instruction telling the jury to find, if they found appellee entitled to recover, for him in the amount of the fees paid to both attorneys, $3,000, less the $100 unpaid premium due upon the policy.

Appellant cannot complain of the failure to introduce in testimony the policy sued on as the basis for the action, since it was alleged to be in its possession, and appellee's complaint requested that it be produced by said company. If the terms of the policy sued on were not correctly shown by the testimony, the appellant could have produced the policy, it being in its possession, and doubtless would have done so had it thought its production would be to its interest and its terms more favorable to its contention in the trial. It certainly cannot complain of its non-production, having it in its possession and refusing to produce it upon the request of appellee.

For the errors indicated, the judgment is reversed, and the cause remanded for a new trial.