TAYLOR v. MOOSE.

4-2530

Opinion delivered May 23, 1932.

*Edward Gordon*, for appellant.
*E. A. Williams*, for appellee.

McHANEY, J.   The only question presented for our determination by this appeal is the validity of a contract between appellant Bank Commissioner and appellant Gordon by which the latter was employed as attorney to represent the former in the liquidation of the People's

Bank & Trust Company of Morrilton, insolvent, at a stipulated fee per month as follows: "$200 per month for the first six months following the closing of said bank; $225 per month for the next six months; $150 per month for the second year; and $100 per month for the third year. This contract was presented to the chancery court for its approval on the petition of appellants and the remonstrance of certain officers and depositors of said bank, and the court declined to approve same, and held that proper fees would be allowed said attorney from time to time when it was definitely determined what service had been rendered. It appeared in evidence that approximately 90 per cent. of the bank's bills receivable had been hypothecated with other banks to secure loans, and that the court had made a consent order that the expense of collecting such collateral held by other banks must be paid out of same, and should never be borne by the 10 per cent. of such bills receivable as remained in the bank unpledged which latter amounted to about $46,000. The court found that said contract was improvident and declined to approve it.

We think the court was correct in so holding. The Bank Commissioner is without power to fix attorney's fees by agreement with attorneys in the liquidation of insolvent banks, and his agreement in this regard is not binding on the court, but is suggestive merely. Section 723, Crawford & Moses' Digest, provides that "the compensation of the special deputy commissioner, counsel, employees and assistants, and all expenses of liquidation shall be fixed by the commissioner, subject to the approval of the chancery court on notice to the officers of such bank," etc. He is given the power to appoint (§ 5, act 627 of 1923), but may fix compensation subject to the approval of the court. The contract in question was, therefore, not valid and binding without the approval of the court, a matter resting in its sound discretion.

Furthermore we think the court did not abuse its discretion in refusing its approval. In the very nature of things, no one could tell in advance the amount of

work and skill that would be required of counsel in the liquidation of this bank. Practically all its notes receivable were held by other banks in which the insolvent bank had a possible equity, of doubtful value, as were also the unpledged notes. No doubt litigation would result in some matters, but the extent and nature of it was doubtful. The court would undoubtedly be in a better position to allow compensation as the work progressed. As we said in *Shackleford* v. *Arkansas Baptist College,* 181 Ark. 363, 26 S. W. (2d) 124: "Neither the trial court, nor this court on appeal, is bound by the testimony of appellant and his expert witnesses in determining the value of his services." We there further said: "In *Jacoway* v. *Hall,* 67 Ark. 345, 55 S. W. 12, it was held that the judge could act upon his own knowledge in fixing reasonable compensation, and that this court would not overturn his finding unless clearly erroneous." See also other cases cited in the Shackleford case.

The matter of fixing compensation for counsel finally rests in the sound discretion of the trial court, and we are of the opinion that the court did not abuse its discretion.

Affirmed.