HUFF v. ARKANSAS TRUST COMPANY, EXECUTOR

4-8846                                                    219 S. W. 2d 614

Opinion delivered April 18, 1949.

*Earl J. Lane,* for appellant.

*A. F. House,* for appellee.

GRIFFIN SMITH, Chief Justice. By direct appeal C. Floyd Huff challenges as insufficient an allowance of $5,000 as attorney's fee, while executors and others insist in their cross-appeal that $3,500 is enough.[1]

The Court's understanding of the record, familiarity of the Judge with successive transactions and activities, his knowledge respecting the capable men who in evaluating services testified for each side,—these considerations and a review of the abstract persuade us that in exercising the discretion with which the trial Court was

---

[1] The decree directing payment of the fee is against Arkansas Trust Company and Q. Byrum Hurst, as co-executors of the estate of D. C. Richards, and Cooper B. Land, as Administrator [of the Richards estate] with the will annexed.

invested, no abuse has been shown; nor was the judgment contrary to a preponderance of the evidence. *Jacoway v. Hall*, 67 Ark. 340, 55 S. W. 12; *Phoenix Insurance Co. v. Fleenor*, 104 Ark. 119, 148 S. W. 650.

Affirmed.

Mr. Justice Holt concurs.

Mr. Justice George Rose Smith not participating.

Holt, J., concurring. The record in this case is voluminous. Many witnesses testified for the parties and their evidence was conflicting. A fact question alone was presented.

The record before us was made in the Probate Court and on appeal here from the judgment, we try the cause *de novo* just as on Chancery appeals, and under our long established rules we must affirm unless we should determine that the lower court's findings and judgment are against the preponderance of all the evidence.

As I read the record, no issue was presented on whether the trial court abused its discretion in arriving at the judgment rendered. It is not for us to determine whether the court abused its discretion, that not being an issue. What we should and do determine is, solely in this case, where does the preponderance of the testimony lie.

The majority opinion appears to me to be contradictory by basing its decision on either the court's discretion or on the preponderance of the evidence rule. I think our holding should be that the findings of the court are not against the preponderance of the evidence and for this reason alone, the judgment should be affirmed.