WHETSTONE *v.* TRAVIS, ET. AL.

5-451                                        269 S. W. 2d 320

Opinion delivered June 21, 1954.

*Bernard Whetstone,* for appellant.

*Walter L. Brown* and *Robert C. Compton,* for appellee.

MINOR W. MILLWEE, Justice. This appeal involves the reasonableness of an attorney's fee allowed appellant under Ark. Stats., § 25-301 and growing out of a settlement made by the parties litigant without the knowledge or consent of appellant. On January 23, 1952, S. M. Edwards retained appellant to collect an account against appellees totaling $715.00. It was agreed that appellant should receive as his fee $215.00 if recovery was obtained without suit being filed, and 50% if suit was filed. That same day appellant prepared a verified complaint against appellees, but the complaint was not filed until August 5, 1952. Appellee's answer alleged that the account had been paid. On November 19, 1953, the court, sitting as a jury, rendered a judgment for the appellees, having found that the account sued upon was settled by appellees' paying S. M. Edwards $520.00 on February 4, 1952.

The same day the judgment was rendered, appellant filed a motion for an attorney's fee for his work in the case and alleged that a reasonable fee would be $357.50. The motion set out that appellant had written a registered letter to Charles E. Travis as agent for appellees on January 23, 1952, and forwarded it by special delivery mail with a return receipt requested and also forwarded by unregistered mail a copy of said letter to George James, another appellee. This letter, made an exhibit to appellant's motion, informed appellees that appellant had been instructed to file suit against them. Appellant's motion further alleged that because of this letter he obtained an attorney's lien on the cause of action for his fee under the statute. On January 12, 1954, a judgment on the motion was rendered, awarding appellant a fee of $75.00.

By a stipulated narrative statement of the testimony it appears that Edwards called appellant and told him

that Sonnell J. Felsenthal had contacted him and contemplated paying Edwards' claim against appellees, but that Felsenthal wanted a letter of assurance setting out the amount of the demand and stating that payment of that amount would constitute payment in full and settlement of the claim. On January 28, 1952, appellant wrote Felsenthal a letter directing that payment of $520.00 to Edwards and $215.00 to appellant would constitute full and complete release of all claim against appellees. Appellant never received any money from anyone, and he filed suit on August 5, 1952, suspecting that a settlement had been made, but unable to confirm his suspicions. Appellant testified and the pleadings so indicate that his motion for attorney's fees was based on a *quantum meruit* theory, and that between January 23, 1952, and February 4, 1952, the date the settlement was made, his activity in the matter had consisted of preparing a complaint and writing two letters for his client. G. E. Snuggs, attorney and court reporter, testified that in his opinion a reasonable fee for the services outlined by the petitioner would be from $75.00 to $100.00. He thought appellant's efforts were more extended than the circumstances required and stated that the reason for his modest estimate was that he considered the claim for attorney's fee a secured one from the beginning.

Ark. Stats., § 25-301, *supra,* insofar as it is pertinent to this case, provides that an attorney shall have a lien on his client's cause of action from and after service upon the adverse party of written notice by registered mail, or, in the absence of such written notice, from and after the filing of suit. If the adverse party then compromises the claim without the attorney's consent he is liable to the attorney for a reasonable fee. The present case seems to be clearly within the purview of this statute, and the trial court was correct in holding appellant entitled to a reasonable fee for his services. See *Slayton* v. *Russ,* 205 Ark. 474, 169 S. W. 2d, 571 146 A. L. R. 64.

Thus, the case devolves into the single consideration of what is a reasonable fee. Mr. Snuggs and appellant were the only witnesses who testified on this issue. Ap-

pellant testified that $357.00 would be reasonable under the circumstances but that if he were compensated for everything he had done a reasonable fee would be $1,000.00. But such estimates are not necessarily controlling. As we said in *Shackelford* v. *Arkansas Baptist College,* 181 Ark. 363, 26 S. W. 2d 124: "Neither the trial court, nor this court on appeal, is bound by the testimony of appellant and his expert witnesses in determining the value of his services." And, as the court said in *Lilly* v. *Robinson Mercantile Company,* 106 Ark. 571, 153 S. W. 820: "It may be conceded that the opinion of the attorney familiar with the subject was entitled to great weight, but it was not to be blindly received, it was to be intelligently examined by the court trying the case in the light of his own general knowledge of the subject of inquiry and should control only as it was found to be reasonable, otherwise the opinion of the witness would be substituted for the judgment of the court." In *St. Louis-San Francisco Ry. Co.* v. *Hurst,* 198 Ark. 546, 129 S. W. 2d 970, 122 A. L. R. 965, we set out the rules for determining the reasonableness of a fee awarded an attorney. There the only testimony as to the value of the attorney's services estimated it as $1,000.00 to $1,500.00. In reducing an award of $1,000.00 to $500.00 we said: "Although this testimony [as to a reasonable fee] was not directly contradicted by appellants, the trial court, and this court on appeal, are not required to lay aside their general knowledge and ideas of values of such services, and are not entirely controlled by testimony of this nature." We further said in that case: "In determining what would be a reasonable fee we take into consideration the amount of time and labor involved, the skill and ability of the attorneys, and the nature and extent of the litigation."

Under the facts and circumstances presented, we have concluded that $175.00 would be a reasonable fee to appellant for his services. The judgment is accordingly modified to that extent and, as so modified, is affirmed.

The Chief Justice would affirm without modification.