4-5940                                    140 S. W. 2d 691

Opinion delivered May 27, 1940.

*House, Moses & Holmes,* for appellant.

*Kenneth C. Coffelt* and *Wm. J. Kirby,* for appellee.

McHANEY, J.   Carl Geurin brought suit in the Saline circuit court by his attorney, Kenneth C. Coffelt, to recover $3,000 of appellant for alleged personal injuries received by him as a passenger on one of appellant's buses.   Coffelt had a written contract with Geurin to

represent him as attorney, which provided for a contingent fee of 50% of the recovery. The alleged accident was said to have occurred on August 5, 1939. Complaint was filed in which a cause of action was stated on August 12, 1939. On August 29, 1939, a representative of the insurance carrier of appellant secured from Geurin, without the knowledge or consent of Coffelt, a written order or direction in the form of an affidavit to dismiss his said suit against appellant, the pertinent parts of which are as follows: "That the said Carl Geurin, affiant, for reasons best known to himself, does not desire to prosecute any further that suit against the Missouri Pacific Transportation Company and further does not desire to prosecute any suit in the future against the Missouri Pacific Transportation Company arising from that incident on August 5, 1939, wherein affiant is alleged to have fallen upon a bus of the Missouri Pacific Transportation Company.

"That the said Carl Geurin, affiant, desires that the said suit now pending against the Missouri Pacific Transportation Company be dismissed with prejudice, and hereby makes demand upon his attorney, Kenneth Coffelt of Benton, to dismiss the said suit, in which the said Kenneth Coffelt is attorney for affiant, at once.

"Affiant states that he makes this affidavit of his own free will and without any duress or coercion being exercised upon him in any manner and without any promises whatsoever from the Missouri Pacific Transportation Company or anyone in its behalf for financial remuneration."

Thereafter, on October 6, 1939, Coffelt filed his motion or petition, under § 668 of Pope's Digest for an order fixing a reasonable attorney's fee in his favor against appellant, but no objection was made to a dismissal of the action brought by him for Geurin. On a hearing of the matter on December 18, 1939, the court entered an order dismissing the complaint of Geurin, but sustained the motion of Coffelt and fixed his fee at $400, and entered a judgment for said amount against

appellant, its insurance carrier and the representative of the latter. This appeal is from that judgment.

The basis for this proceeding is § 668 of Pope's Digest which provides that an attorney who signs a pleading has a lien upon his client's cause of action from the commencement thereof, and that such lien attaches to a verdict, report, decision, judgment or final order in his client's favor; "and the lien cannot be affected by any compromise or settlement between the parties before or after judgment or final order." The part of said section particularly applicable here is the second paragraph thereof which provides: ". . . And in case a compromise or settlement is made by the parties to the action after suit is filed, and without consent of such attorney or counsellor at law, the court shall upon motion enter judgment for a reasonable fee or compensation in favor of such attorney or counsellor and *against the parties to said action,* and the amount of such fee or compensation shall not be necessarily limited to the amount of the compromise or settlement between the parties litigant."

For a reversal of the judgment against it appellant makes two contention: (1) that Coffelt was not entitled to a judgment against it for two reasons, hereinafter discussed, and (2) that the fee allowed is execessive for the work done. This latter assignment will not be discussed because of the disposition we make of the former.

(1). As to this assignment the argument is twofold: First, that Geurin had no cause of action against it, because his alleged cause of action was conceived in iniquity and born in fraud, as no such accident ever happened; that whatever injuries he had were received in a fight behind a pool hall in Benton; and, second, that neither appellant, nor its insurance carrier ever made any "compromise or settlement" with Geurin, within the meaning of said statute, in that no monetary consideration was paid or promised him, but that he voluntarily caused his alleged cause of action to be dismissed without any consideration.

We agree with appellant that a client who causes his attorney to bring a fraudulent cause of action, one

that has no basis in fact to support it, but depends upon perjury for its establishment is not such an "action" as the statute contemplates and the attorney in such a case could have no lien for a fee, even though he be ignorant of the attempted fraud. In such a case he would have to look to his client for compensation. Of course, if the attorney knew of the fraud and participated therein by bringing the action, he could not compel the collection of a fee from either party and would subject himself to disbarment and criminal prosecution.

We think the evidence fails to show conclusively that Geurin's alleged action was fraudulent and it is conceded that Coffelt was free of any guilty knowledge of the alleged fraud of his client. We are, therefore, of the opinion that the court did not err in this regard, as contended, even though a question of fraud in bringing the action was made for the jury, had the case gone to trial on its merits.

We are of the opinion, however, that appellant's second contention as above stated must be sustained. The affidavit of Geurin states on its face that it was made "of his own free will and without any duress or coercion being exercised upon him in any manner and without any promises whatsoever from the Missouri Pacific Transportation Company or anyone in its behalf for financial remuneration." It is undisputed in this record that Geurin was not paid anything by appellant or anyone for it. Ward, the claim agent of the insurance carrier, so testified. He stated in one place: "There was no consideration, monetary or otherwise," paid to get the suit dismissed. In another place he said: "Carl Geurin was emphatically not paid nor promised anything by me to give this affidavit." No release was taken showing a compromise or settlement. The power of the court to enter a judgment for a reasonable fee is conditioned by said statute to the making by the parties to the action of a "compromise or settlement" "after suit is filed and without the consent of such attorney." If, therefore, no "compromise or settlement" was made, the court was without power to enter the judgment. The words "compromise or settlement" are used five times

in this statute and we think the statute necessarily contemplates a monetary consideration moving from the defendant to the plaintiff, and that the dismissal of an action without consideration does not constitute a "compromise or settlement" within the meaning of said statute. This view is reinforced if not made certain by the third use of the words "compromise or settlement" in said statute, when it says: ". . ., and the amount of such fee or compensation shall not be necessarily limited to the amount of the compromise or settlement between the parties litigant." The original attorney's lien act was passed in 1909, act 293, p. 892, acts of 1909, and the present statute, act 326 of 1937, was amendatory thereof as it appeared in § 628 of Crawford & Moses.' Digest. The first half of § 1 of the act of 1937 is substantially a reenactment of § 1 of the act of 1909. The second half of § 1 of the 1937 act, beginning with the words: "And in case a compromise or settlement" etc., constitutes the new matter in the amendatory act. Under the old act, the fee in personal injury cases where the client settled with the defendant was based on the amount of the compromise or settlement in accordance with the percentage of recovery as fixed in the contract between the attorney and client. See *St. L., I. M. & S. Ry. Co.* v. *Kirtley and Gulley,* 120 Ark. 389, 179 S. W. 648. Under the amendatory or new act of 1937, it is provided that the fee "shall not be necessarily limited to the amount of the compromise or settlement." In other words, other elements may be considered in determining the amount of the fee. In the recent case of *St. L. S. R. Ry. Co.* v. *Hurst,* 198 Ark. 546, 129 S. W. 2d 970, 122 A. L. R. 965, this new act was under consideration for the first time since its enactment. It was there said: "The statute in question provides for a reasonable fee for the attorney against the parties to said action and that the amount of such fee shall not necessarily be limited to the amount of compromise or settlement between the parties litigant. We think this provision of the statute in question, in providing that the fee be reasonable and not limited to the amount of the compromise or settlement, in effect, provides for a fee on a *quantum meruit basis*. In deter-

mining what would be a reasonable fee we take into consideration the amount of time and labor involved, the skill and ability of the attorneys, and the nature and extent of the litigation.''

In that case there was a compromise or settlement with a release from the plaintiff for a consideration of $100, and also a stipulation to dismiss the action. This court reduced the allowance by the circuit court from $1,000 to $500. But in that case there was a ''compromise or settlement,'' with a monetary consideration to support it, whereas in this case there is no consideration, hence no ''compromise or settlement'' within the meaning of said statute. In that case the response of the defendant to the attorney's intervention tendered $100 in settlement of the fee, based on the amount paid the client. This court held that the fee was not necessarily limited to the amount of the settlement and stated the other elements to be considered in determining a reasonable fee on a *quantum meruit*. The case of *Cooper v. Jackson*, 104 Okla. 277, 231 Pac. 223, cited by appellant is authority for the present holding. It was there held that a mere dismissal of an action by the plaintiff was not sufficient to prove that the case had been compromised and settled under the Oklahoma statute for attorney's fee liens, 5 Okla. St. Crim., § 8.

We think the action of Ward, under the facts in this case, was reprehensible and deserving of condemnation. But it has always been held by this court that the client controls his cause of action, and may dismiss it even in fraud of his attorney's rights, and with or without his knowledge or consent. The right of an attorney to collect his fee from his client's adversary is dependent upon the statute and he must bring his case in conformity therewith.

The trial court erred, therefore, in rendering judgment against appellant, which is accordingly reversed and the cause dismissed.

HUMPHREYS and MEHAFFY, JJ., dissent.