ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* POE.

4-6042 143 S. W. 2d 879

Opinion delivered October 14, 1940.

---

[2] *Trammell* v. *State*, 193 Ark. 21, 97 S. W. 2d 902; *Morris* v. *State*, 197 Ark. 778, 126 S. W. 2d 93; *Fletcher* v. *State*, 198 Ark. 376, 128 S. W. 2d 997.

*Gaughan, McClellan & Gaughan,* for appellant.

*Tom Poe* and *Frank Pace, Jr.,* for appellee.

McHANEY, J. This is an appeal from a judgment against appellants in favor of appellees for $1,500 for a reasonable attorney's fee in a personal injury suit filed by them for one Ed Cornelius, and which action was settled by appellants and Cornelius without the knowledge or consent of appellees, for $1,000. The action by appellees was by way of intervention in the Cornelius suit.

Two questions are argued for a reversal of the judgment as follows: 1st, that act 326 of 1937, (§ 668, Pope's Digest, and § 668 of Pope's Digest Supp.), for lack of an emergency clause, did not become effective until 90 days after March 25, 1937, its approval date, and was not the law when this Cornelius suit was filed on March 12, 1937; and 2nd, that the judgment is excessive by at least one-half.

1. Appellees had a contract with Cornelius for a fee of "50 per cent. of all sums collected from St. Louis Southwestern Railway Company, by reason of the above

claim, whether by suit, compromise or otherwise.'' The suit was filed March 12, 1937, to recover a large sum for a crushed foot and ankle Cornelius received while working for appellants. In April, 1938, Cornelius wrote appellants' claim agent asking him to come to see him, which he did, but no settlement was effected. In May, 1938, Cornelius again wrote the claim agent stating he did not care to bring the case to court. Following that letter on June 4, 1938, a settlement was made by agreeing to pay $1,000, $500 to Cornelius and a like amount to appellees because of their contract. Cornelius accepted his $500 and executed a release, but appellees refused to accept $500 for their fee and intervened praying a reasonable fee be allowed them. The fact that said act 326 of 1937 was enacted and became the law after the suit was filed cannot, we think, affect their right to recover under said act. It provides that the attorney appearing for the client shall have a lien on the client's cause of action from the commencement of the action, which attaches to a verdict, judgment, etc., in his client's favor; and that such lien cannot be affected by any compromise or settlement between the parties before or after judgment or final order. While it is true that the lien in this case arose when the complaint was filed, it was merely inchoate, and there was nothing to which it could attach until the settlement was made, which was nearly a year after said act 326 became effective. It was then, June 4, 1938, that appellees' lien became enforceable, at which time a cause of action arose in their favor, which should be determined under the provisions of said act.

2. It is argued that the court misconstrued said act 326 and allowed an excessive fee. We think the court followed the recent decision of this court in *St. Louis & San Francisco Railway Co.* v. *Hurst,* 198 Ark. 546, 129 S. W. 2d 970, 122 A. L. R. 965. It was there held that the act provides for a fee on a *quantum meruit* basis. We said: ''The statute in question provides for a reasonable fee for the attorney against the parties to said action and that the amount of such fee shall not necessarily be limited to the amount of compromise or settlement be-

tween the parties litigant. We think this provision of the statute in question, in providing that the fee be reasonable and not limited to the amount of the compromise or settlement, in effect provides for a fee on a *quantum meruit* basis. In determining what would be a reasonable fee we take into consideration the amount of time and labor involved, the skill and ability of the attorneys, and the nature and extent of the litigation.''

The trial court's judgment in the instant case was based on the testimony of a number of reputable lawyers, some of whom testified that the value of the services rendered was much greater than the amount allowed. Cornelius lived at Camden, which necessitated two or more trips to that city for interviews. The Federal Employers' Liability Act, 45 USCA, § 51, *et seq.*, as well as the Safety Appliance Act, 45 USCA, § 1, *et seq.*, was involved in the litigation. Several witnesses had to be located and interviewed, all of which required considerable time, labor and expense. The client was rather seriously injured, was in the hospital for four weeks and on crutches for seven months. The case must have been one of probable liability, else a settlement for $1,000 would not have been made. It is true the contract provided for a fee of 50 per cent. of the amount recovered, either by suit or settlement, but that contemplates a settlement to which they agree, and not to one made without their knowledge or consent. Another factor that cannot be disregarded is that Cornelius was put back to work after his settlement and was getting better pay than he was prior to his injury.

When all these matters are considered we are unwilling to say the court erred in the amount awarded, although there was testimony justifying a smaller amount.

Affirmed.