SLAYTON *v.* RUSS.

4-7013                                     169 S. W. 2d 571

Opinion delivered March 8, 1943.

*W. D. Davenport,* for appellant.

*Harry Neelly* and *John H. Yingling,* for appellee.

McFADDIN, J. This appeal involves (1) the right of the law firm of Yingling & Yingling (hereinafter referred to as attorneys) to recover a fee in a case settled by appellant with the client of the said attorneys, and (2) the amount of the fee.

## The Facts.

Margaret Russ was a minor, and her guardian was Ellis T. Jenkins. His bond was for $1,600, and the sureties on his bond were Coles Lile and C. M. Slayton (the appellant here). Jenkins died in 1938 without making any settlement with his ward. When Margaret Russ attained her majority, she sought to collect from the sureties. For fifty dollars, she released Coles Lile from liability, and then she employed the law firm of Yingling & Yingling to recover from the appellant, Slayton. By her written contract with the attorneys, dated March 21, 1941, she employed the attorneys to file and prosecute an action to recover the amount due her by Slayton, and she agreed to pay the said attorneys a fee equal to fifty per cent. of whatever sum might be collected; and the attorneys agreed to diligently prosecute the claim.

Under the said contract, the attorneys filed a proceeding in the probate court which fixed the balance due by the guardian; and then the attorneys filed suit in the circuit court against Slayton for the amount due by him on the bond. This suit was filed and summons served on Slayton on June 23, 1941. On July 24, Slayton's attorney filed (1) a motion to dismiss the suit, and (2) a motion for continuance, both of which were overruled. Thereafter, it developed that on June 28, 1941, Slayton had compromised and settled with Margaret Russ for fifty dollars, and secured a written release from her. Let it be said here that the attorney appearing in this court for appellant, Slayton, did not participate in any way in Slayton's settlement with Margaret Russ. Yingling & Yingling filed a motion (in the case of Margaret Russ against Slayton) for their attorneys' fee under the statute. This motion was resisted by Slayton on the ground that Margaret Russ could not have recovered in her suit, and so the attorneys could not recover; and that even if any fee be allowed the attorneys, it should be merely nominal.

On September 21, 1942, the trial court heard evidence on the motion, which evidence consisted of the original contract of the attorneys, the proof of the service

of summons on Slayton in the original suit, the proof that Slayton had settled with Margaret Russ without the knowledge or consent of her attorneys, the proof by the attorneys as to the amount of time, energy and effort expended in the client's case, and also other evidence. The trial court rendered judgment against Slayton in favor of the attorneys for $318.54; and from an order overruling the motion for a new trial comes this appeal.

1. The Right of the Attorneys to Recover.

It is insisted by appellant that Yingling & Yingling are not entitled to recover anything because their client could not recover in her action. Appellant contends: (1) That the release of Coles Lile released Slayton; (2) that Margaret Russ could not maintain a suit against Slayton until the administrator of the Jenkins' estate was made a party; and (3) that the probate order fixing the amount due by the guardian was void on its face. We regard these contentions of appellant as wholly without merit. The statute allowing the attorney's lien has been amended from time to time; and each reported case must be considered in the light of the statute existing at the time of the particular case, but whatever statute may be involved, it is always to be liberally construed. As Mr. Justice HART said in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Hays & Ward,* 128 Ark. 471, 195 S. W. 28: "The section of our statute giving the lien to an attorney is remedial in character and must be liberally construed to effectuate the purpose sought to be accomplished by its enactment."

By act No. 326 of 1937 (§ 668 of Pope's Digest) the previously existing statute was materially broadened; and then by act No. 59 of 1941 and act No. 306 of 1941, the 1937 statute was further broadened. But so far as this case is concerned, the 1941 amendments make no material changes. So we can consider the cases involving the 1937 act. Some of these cases are: *St. Louis-San Francisco Ry. Co.* v. *Hurst,* 198 Ark. 546, 129 S. W. 2d 970, 122 A. L. R. 965; *St. L. S. W. Ry. Co.* v. *Poe,* 201 Ark. 93, 143 S. W. 2d 879; *McNeill* v. *Percy,* 201 Ark. 454, 145 S. W. 2d 32, and *Missouri Pacific Transporta-*

*tion Company* v. *Guerin,* 200 Ark. 755, 140 S. W. 2d 691. The facts existing in *Missouri Pacific Transportation Company* v. *Guerin, supra,* are not present here, because the appellant, Slayton, paid Margaret Russ a substantial sum for the release.

It will be observed that our present statute recognizes at least two situations under which the attorney has a lien: (1) If the case goes to a judgment, the attorney has a lien on the recovery, and (2) if "a compromise or settlement is made by the parties . . . after suit is filed . . . without the consent of such attorney . . . the court . . . shall, upon motion, enter judgment for a reasonable fee."

In the case at bar we are concerned with the second of these situations; and we hold that the proof of a compromise or settlement after suit is filed and without the attorney's consent constitutes, under the statute, the only prerequisite to the proper filing by the attorney of a motion to have his fee fixed. Defendant, by compromising and settling, has recognized the attorney's absolute right to recover a fee of some amount; and the demerits of the plaintiffs' original cause of action are no defense to the motion to fix the attorney's fee under the statute here involved.

We know there are statements in some of the books contrary to the views here expressed. In 5 Am. Jur. 409, it is stated: "Moreover, while there is some authority to the contrary, according to the weight of authority, the rights of the attorney against the adverse party, where a compromise has been made without his knowledge or consent, depend entirely upon the merits of his client's case."

In 2 A. L. R. 337, it is stated: "The weight of authority is to the effect that where the case is compromised without the attorney's consent or knowledge, the latter's rights, as against the adverse party, depend entirely upon the merits of his client's case."

But we find no case holding contrary to the views here expressed where there was involved a statute like the statute in this state. For instance, the Oklahoma

case of *Crump* v. *Guyer*, 60 Okla. 222, 157 P. 321, also reported in 2 A. L. R. 331, holds that if the client had no rights in the original action, then the attorney can recover nothing in his action for his lien claims; but it will be observed that this decision of the Supreme Court of Oklahoma rendered in 1916 was based on §§ 276 and 277 of Snyder's Compiled Laws of Oklahoma of 1909, which provide (1) "such attorney may present, upon the hearing, the facts essential to establish the merits of the cause in which he was employed"; and (2) that the fee of the attorney will be for a sum which might reasonably have been earned by him "had he been permitted to complete his contract." In other words, the Oklahoma statute required the attorney to show that he could have won his case if he had been allowed to complete his contract; and the Arkansas statute is vastly different, as we have previously shown.

It would unduly extend this opinion to discuss and distinguish each of the cases cited as the "majority rule"; but we find that these cases are distinguishable from the case at bar because of the particular statute or rule of law applicable to each such case. We conclude that in the present case the attorneys were entitled to a recovery without having to prove that their client could have recovered in the original case.

2. The Amount of the Recovery.

As was stated by this court in the case of *St. Louis-San Francisco Ry. Co.* v. *Hurst,* 198 Ark. 546, 129 S. W. 2d 970, 122 A. L. R. 965, and *St. L. S. W. Ry. Co.* v. *Poe,* 201 Ark. 93, 143 S. W. 2d 879, the basis of the recovery is the *quantum meruit* for the services actually rendered, and on a *quantum meruit* basis it is stated in 5 Am. Jur. 376, as follows: "The services of an attorney, when rendered in litigation before the same court which is passing upon the value of such services, may, of themselves, constitute evidence from which the court alone, unaided by opinion of others as to value, or even in defiance of opinion evidence, may reach a conclusion. Moreover, the attorney suing for compensation may testify as to the value of his services, and may show, by his own testimony, his

experience and knowledge, and give his judgment as to such value; he may also testify as to his knowledge of the charges of other attorneys for like services in similar cases.''

Here the record shows that the attorneys interviewed witnesses to establish the right of Margaret Russ to recover, made examination of the records of the probate court in relation to the guardianship, prepared and filed a petition in the probate court for an accounting, prepared notices to the heirs of the deceased guardian and obtained their waiver of service of the same, prepared and obtained service of notice upon the appellant as surety on the bond, presented a petition for accounting to the probate court and introduced testimony in support thereof, prepared and secured the entry of record of the order thereon stating the account in the probate court, prepared and filed the demurrer to the intervention and petition of C. M. Slayton to set aside the judgment of the probate court, prepared and filed the plaintiff's cause of action in the circuit court, and successfully resisted the defendant's motion for continuance, and successfully resisted the defendant's motion to dismiss. Each and every one of these matters involved careful study and thought in preparation and presentation; and on this record the trial court found that the amount due the attorneys for services was $318.54. It happens that this was one-half of the amount that Margaret Russ would have recovered from the appellant, Slayton, if the case had been successfully prosecuted. The settlement by the appellant with Margaret Russ prevented the prosecution of the litigation, and on a *quantum meruit* basis the attorney's fee of $318.54, as fixed by the trial court, cannot be said to be unreasonable.

It, therefore, follows that the cause is affirmed.