HOLLAND *v.* HARLEY.

4-7136                                      174 S. W. 2d 567

Opinion delivered October 25, 1943.

*C. A. Holland,* for appellant.

*Blackford & Irby,* for appellee.

McFADDIN, J. This appeal involves (1) the right of an attorney to recover a fee in a case secretly settled by the adverse party with the attorney's client; and (2) the amount of the fee.

## The Facts

Sometime prior to February 18, 1942, Leo Green engaged C. A. Holland as his attorney to file suit against T. B. Harley (appellee herein) for damages alleged to have been suffered by Green; and the attorney was to receive fifty per cent. of the recovery. Complaint was filed in the Cleburne circuit court on February 18, 1942, for $1,185; and summons was personally served on Harley in Cleburne county on February 21, 1942. The complaint alleged that, while working for the defendant in Louisiana, the plaintiff, Green, was injured through the carelessness of the defendant and one Barnum Wood, also employed by defendant. Harley answered the complaint: (1) denying that Green was ever employed by Harley; (2) denying that Barnum Wood was ever employed by Harley; and (3) denying generally any liability. Sometime after February 21, 1942, and before filing the answer, Harley settled with the plaintiff, Green, without the knowledge or consent of C. A. Holland, Green's attorney; and Harley filed the settlement agreement with the court.

When he learned of the settlement, C. A. Holland filed a motion to have his attorney's fee fixed and adjudged against Harley under § 668, Pope's Digest, as amended. No written pleading was filed by Harley in response to this motion, but there was a hearing; and the circuit court found that C. A. Holland was not entitled to recover a fee from Harley because (as reasoned by the circuit court) if Leo Green had a cause of action it was under the Workmen's Compensation Law of Louisiana, and the circuit court of Cleburne county, Arkansas, was without jurisdiction. From an order overruling the motion for a new trial comes this appeal.

1. The Right of the Attorney to Recover. This case is ruled by the case of *Slayton* v. *Russ,* 205 Ark. 474, 169 S. W. 2d 571. There, as here, the settling defendant made the contention that the attorney should not recover a fee because the client had no cause of action; and we there said: ". . . we hold that the proof of a compromise or settlement after suit is filed and without the attorney's consent constitutes, under the statute, the only prerequisite to the proper filing by the attorney of a motion to have his fee fixed. The defendant, by compromising and settling, has recognized the attorneys' absolute right to recover a fee of some amount; and the demerits of the plaintiffs' original cause of action are no defense to the motion to fix the attorneys' fee under the statute here involved." And we further said: "We conclude that in the present case the attorneys were entitled to a recovery without having to prove that their client could have recovered in the original case."

The same statements apply to the case at bar. On the motion to fix attorney's fee, it was not necessary for the circuit court in the first instance, and is not necessary for this court on appeal, to consider or decide whether the Louisiana Workmen's Compensation Law covered any claim that Green had against Harley, because the applicability of the Louisiana Workmen's Compensation Law was a matter of defense that Harley would have been obliged to interpose in the case filed by Holland for Green if Harley had not settled the case. When he set-

tled with Green without the knowledge or consent of Holland, Harley put himself under the statutes (§ 668 of Pope's Digest as amended by acts numbered 59 and 306 of 1941) which provide, if: ''a compromise or settlement is made by the parties . . . after suit is filed . . . without the consent of such attorney . . . the court . . . shall, upon motion, enter judgment for a reasonable fee''; and the learned circuit judge erred in failing and refusing to fix the fee.

2. The Amount of the Fee. As was stated in *Slayton* v. *Russ, supra,* the basis of the recovery is the *quantum meruit* for the services actually rendered. Here the undisputed proof shows that after the attorney was employed he made a trip to Little Rock to examine legal authorities, prepared the case, filed complaint for Green for $1,185 damages, and obtained service of summons. The attorney testified as to the services, and other disinterested attorneys testified as to the *quantum meruit* for such services; and the proof clearly shows that a fee for any amount less than $150 would not be commensurate with the services rendered.

Therefore, the order of the circuit court denying the fee is reversed and the fee is here fixed at $150 and judgment rendered here against T. B. Harley for said amount, together with all costs of the lower court and this court.