Missouri Pacific Transportation Company *v.* McDonald.

4-7138      174 S. W. 2d 944

Opinion delivered November 1, 1943.

*Henry Donham* and *Richard M. Ryan,* for appellant.

*Ed F. McDonald,* for appellee.

HOLT, J.   July 27, 1942, Mrs. I. B. Davis, by her attorney, Ed F. McDonald (appellee here) sued appellant, Missouri Pacific Transportation Company, for damages in the amount of $212.50, alleged to have resulted from the loss of her trunk and contents by appellant. Mrs. Davis alleged, in her complaint, that on June 22, 1942, she was a passenger on one of appellant's buses and that a trunk with its contents, belonging to her, was lost through the negligence of appellant. Some time between August 1 and 5, 1942, the trunk was found and delivered to Mrs. Davis, and on August 8 following, Mrs. Davis filed what she termed, "Amendment to Complaint," in which she alleged that the trunk alleged to have been lost, in her original complaint "at the time, in the place and in the manner described therein," was returned to her on or about August 5: that on account of appellant's negligence in causing her to be out of the possession and use of the trunk and its contents from June 22 to August 5, she had been damaged in the amount of $100, and "that by reason of the breaking open of said trunk and damage to the goods therein contained," she was damaged in the sum of $50, and prayed judgment for $150.

On August 18 following, there was a jury trial and at the close of all the testimony, Mrs. Davis took a nonsuit, without prejudice.

On September 15, 1942, appellee brought suit against appellant and Mrs. I. B. Davis, in the Grant circuit court, alleging that he had been employed by Mrs. Davis in the litigation, *supra,* in which she sought to recover damages growing out of the loss and subsequent damage to her trunk and contents, and that on or about August 5, 1942, appellant made a settlement of her suit against appellant, without his knowledge or consent; that he had received nothing for his services, and asked for a reasonable fee. Appellant answered with a general denial and alleged that appellee was not entitled to any fee.

Upon a trial before the court (a jury having been waived) there was a verdict and judgment for appellee, in the amount of $40, together with his costs. This appeal followed.

The record discloses that Mrs. Davis employed appellee attorney, under an oral contract, to prosecute her claim against appellant for damages alleged to have been sustained by her, growing out of appellant's negligent handling of her trunk and contents.

A good cause of action was stated by appellee on behalf of his client, Mrs. Davis, both in the original complaint and in the amendment thereto. After the original complaint was filed, the trunk, in question, was delivered some time about August 5 to Mrs. Davis by appellant and thereafter on the 8th of August, the amendment to the complaint was filed by appellee, at the instance of his client. When the cause came on for trial August 18, the testimony revealed that Mrs. Davis, without appellee's knowledge, had entered into a written settlement and release of her claim against appellant. This release does not appear in the record, nor is the date of its execution disclosed by the testimony.

Doyle McCoy, appellant's agent in Sheridan at the time, testified that Mrs. Davis lost her trunk and "Q. Did you or did you not restore and recover that trunk, and deliver it to Mrs. Davis? A. Yes, she got the trunk. Q. Did you at that time make a settlement with her and she sign a release to you for the delivery of this trunk?

A. Yes, she did.'' When the testimony disclosed the settlement and release, appellee took a nonsuit without prejudice.

Appellant argues that appellee lost any right that he might have had to an attorney's fee when he elected to take a nonsuit. We cannot agree to this contention. When it developed, in testimony on the trial of Mrs. Davis' suit against appellant, that she had settled with appellant all claims that she had against it—which she had a perfect right to do, with or without her attorney's consent—(*Missouri Pacific Transportation Company* v. *Geurin,* 200 Ark. 755, 140 S. W. 2d 691) appellee had a right to enter nonsuit, but in so doing, on the facts presented here, he did not lose his right to an attorney's fee.

The original attorney's lien act was passed in 1909, act 293, p. 892, Acts of 1909, and after certain amendments, by acts No. 326 of 1937 and 59 and 306 of 1941, the previously existing statute (668 of Pope's Digest) was materially broadened. Under act No. 306 of 1941, which is amendatory of act No. 59 of 1941, we find these provisions: ''And in case a compromise or settlement is made by the parties litigant to the action . . . after suit is filed upon said action and such compromise or settlement be made without the consent of such attorney, solicitor or counsellor at law, the court of proper jurisdiction shall, upon motion, enter judgment for a reasonable fee or compensation against all of the parties to such compromise or settlement so made without such consent of such attorney, solicitor, or attorneys and the amount of such fee or compensation shall not be necessarily limited to the amount, if any, of the compromise or settlement between the parties litigant.''

''Any agreement, contract or arrangement between litigants or any conduct of the one seeking affirmative relief at the instance and procurement of his adversary which deprives such litigant of his asserted right against his adversary shall constitute a compromise or settlement of his cause of action within the meaning of this section.''

We think it clear, under these two sections, that the Legislature intended to provide, and did provide, that when a client settles a claim without the attorney's consent, and with or without a monetary consideration for such settlement, nevertheless, the attorney is entitled to a reasonable fee. In the instant case, the record does not disclose whether Mrs. Davis, appellee's client, received anything more than the return of her trunk and its contents, when she made the settlement in question. However, according to our interpretation of the plain terms of the second clause, *supra,* it is not necessary that the attorney establish a monetary consideration before he would be entitled to a fee. He is only required to show any agreement or arrangement between the parties to the lawsuit, which would deprive the litigant of his asserted right against his adversary. We think appellee has clearly met this burden here.

Appellant next contends that appellee cannot recover for the reason that he (appellee) did not file a motion to recover his attorney's fee in the original suit. It is true that the statute provides that such motion may be filed in the original suit. However, we think this was not the only remedy, or method of procedure, open to the attorney. Section 669 (Pope's Digest) provides: "The court before which said action was instituted, or in which action may be pending at the time of the settlement, compromise, or verdict, upon the petition of the client or attorney, shall determine and enforce the lien created by this act. Act of 1909, p. 892, par. 2." This section has not been repealed. There is no dispute that appellee filed the instant suit in the court before which his client's action was instituted, and we think this section affords him the right to institute the present suit.

Finally appellant argues that the testimony, upon which the amount of the fee allowed appellee was based, is too vague and indefinite. From the record, it appears, in addition to appellee's own testimony on the value of his services on a *quantum meruit* basis, there was testimony of another attorney, and it is the testimony of this other attorney to which appellant objected, as being too

"vague and indefinite." Without attempting to abstract this testimony here, it suffices to say that we think it ample to support the award. Even though no weight be given to the testimony complained of, still there was substantial evidence to support the verdict of the court.

In the recent case of *Slayton* v. *Russ,* 205 Ark. 474, 169 S. W. 2d 571, we said: "As was stated by this court in the case of *St. Louis-San Francisco Ry. Co.* v. *Hurst,* 198 Ark. 546, 129 S. W. 2d 970, 122 A. L. R. 965, and *St. L., S. W. Ry. Co.* v. *Poe,* 201 Ark. 93, 143 S. W. 2d 879, the basis of the recovery is the *quantum meruit* for the services actually rendered, and on a *quantum meruit* basis it is stated in 5 Am. Jur. 376, as follows: 'The services of an attorney, when rendered in litigation before the same court which in passing upon the value of such services, may, of themselves, constitute evidence from which the court alone, unaided by opinion of others as to value, or even in defiance of opinion evidence, may reach a conclusion. Moreover, the attorney suing for compensation may testify as to the value of his services, and may show, by his own testimony, his experience and knowledge, and give his judgment as to such value; he may also testify as to his knowledge of the charges of other attorneys for like services in similar cases'."

Finding no error, the judgment is affirmed.