HAMM *v.* HOWARD.

4-9024                                          225 S. W. 2d 333

Opinion delivered December 19, 1949.

Rehearing denied January 16, 1950.

*Lee Ward,* for appellant.

*William B. Howard* and *Horace Whitsitt,* for appellee.

LEFLAR, J. This case involves a decree by the Chancellor awarding to appellees Howard and Whitsitt, attorneys at law, a fee of $200, the award being against both Roe Hamm and his wife Mrs. Marie Hamm. Only Mrs. Hamm appeals.

On March 12, 1949, appellee Howard filed for Roe Hamm a bill in equity for an accounting and dissolution of partnership against Mrs. Hamm. At that time Hamm and his wife had been separated for one week. Previously they had worked together in a liquor store, inherited by her from a former husband, in which the bill asserted that they were partners. Appellee Whitsitt became associated in the case with Howard shortly thereafter. Both attorneys had contingent fee contracts with Hamm. On March 23 Mrs. Hamm filed her answer and crosscomplaint in which she (1) denied that a partnership existed or that her husband had any interest in the liquor store, and asked that his bill for dissolution and accounting be dismissed, (2) asked for a divorce, and (3) asked for return of a truck which was security for a loan on which she was jointly liable with her husband. Thereafter the Chancellor separated the divorce proceeding from the rest of the suit, and ordered it set for hearing by itself. On April 5, one month after they separated, Mr. and Mrs. Hamm resumed marital relations. She directed her attorney to dismiss her divorce proceeding. It was several days, possibly a week or more, before Howard and Whitsitt learned of this reconciliation. There were then some negotiations concerning payment of a fee by Roe Hamm to Howard and Whitsitt, but no agreement was reached.

On May 11 appellees filed a motion asserting that Mr. and Mrs. Hamm, as plaintiff and defendant in the suit filed by appellees for Mr. Hamm, had compromised and settled that suit without the consent of their attorneys, so that under Act 59 of 1941 (Ark. Stats., 1947, § 25-301)

the attorneys were entitled to a "judgment for a reasonable fee or compensation against all of the parties to such compromise or settlement." They were anxious to have a judgment against Mrs. Hamm as well as her husband, apparently because the husband was insolvent. Evidence on the motion was heard on May 31. Thereafter the Chancellor entered against both Mr. and Mrs. Hamm the judgment for a $200 fee from which Mrs. Hamm now appeals.

Section 25-301 gives to lawyers a comprehensive right to collect reasonable fees not only from their own clients but from opponents against whom suit was filed on a client's behalf, if there is without the attorney's consent a compromise or settlement of the claim sued on. Defining the terms "compromise or settlement", the statute provides: "Any agreement, contract or arrangement between litigants or any conduct of the one seeking affirmative relief at the instance or procurement of his adversary which deprives such litigant of his asserted right against his adversary shall constitute a compromise or settlement of his cause of action within the meaning of this section." For this statutory right to a fee to be sustained it is not necessary that the lawyer show that his suit would have been successful. *Slayton* v. *Russ,* 205 Ark. 474, 169 S. W. 2d 571, 146 A. L. R. 64. The lawyer need not even show that the client received any consideration for the settlement or compromise; "he is only required to show any agreement or arrangement between the parties to the lawsuit, which would deprive the litigant of his asserted right against his adversary." *Missouri Pacific Transp. Co.* v. *McDonald,* 206 Ark. 270, 174 S. W. 2d 944.

The question before us in this appeal is whether there is in the record sufficient evidence to sustain a finding that there was a compromise or settlement, as defined in the preceding paragraph, of the claim for accounting and dissolution of the asserted partnership. For one thing, the suit had never been dismissed; it was still pending when the motion for a fee was heard. Both Mr. and Mrs. Hamm testified that nothing had been done

about it, that they in effect ignored it. Mrs. Hamm while on the witness stand denied, as she always had, that there was any partnership, but said she was willing for the suit to be tried and had made no agreement that would prevent its being tried. Her husband likewise testified that there was no agreement about the suit, but admitted that his wife had always been sole owner of the liquor store and that his suit was groundless. Both Howard and Whitsitt testified at length, each questioned by the other, and their testimony revealed a substantial amount of work done on the case, clearly justifying the amount of the fee awarded to them. But neither of them at any time gave any affirmative testimony to the effect that the partnership claim as such had been compromised or settled. Nor did any other witness.

The Arkansas attorney's fee statute is not satisfied by mere proof that the parties have lost interest in their litigation. There must be a compromise or settlement, something "which deprives such litigant of his asserted right against his adversary." The only actual evidence that such a termination of rights has occurred between Roe and Marie Hamm is the fact that after a separation during which the partnership claim was asserted they have resumed their marital relationship and she has dropped her divorce proceeding. But the law shares society's strong interest and policy in favor of the preservation of marriages, particularly including those in which there is a reasonable possibility of re-establishing unions already threatened by separation. We are unwilling to penalize an honest resumption of the marital relationship by declaring that it alone subjects a party thereto to the non-contractual obligation created by § 25-301, nor do we believe that the legislature so intended. We hold that to sustain the claim for an attorney's fee, to be collected from the opposing party in a case such as the one now before us, there must be evidence of compromise or settlement apart from and in addition to the fact of resumption of marital relations alone.

This does not deprive appellees of their right to the full amount of the fee allowed, against their client Roe

Hamm. As to the appellant Marie Hamm, however, the decree is reversed and the motion dismissed.