Breitel, J. (dissenting).
It is not necessary or desirable in all cases to require proof of value by expert witness or affiant of a trustee’s or a lawyer’s services. Most such cases are deter *779 minable by criteria well-established in decisional law and by canons of professional conduct. In large and especially complicated matters the situation will be different. In this case, the Appellate Division, as well as the nisi prius court, had sufficient evidence in the record before them of the kind, quality, and difficulty of the services rendered by the substituted trustee. They had no need for the additional proof this court finds wanting, but of course the courts below have always had a large volume of similar matters to pass upon.
Moreover, in this case any failure to provide the additional proof this court would require was a failure by appellant substituted trustee. Yet he now succeeds in obtaining a reversal. Paradoxically, he is rewarded for the omission ascribed to him. Actually, appellant’s affidavit of services, including an opinion as to value, was, as these things arise, rather detailed in describing the work done, the time involved, and in appending a resumé of his professional qualifications.
This court has never reviewed with nicety the amount of trustee ’s and lawyer’s fees absent an abuse of discretion. Evidently it does not propose to change its policy now but determines only that the courts below should have been dissatisfied with the record which, with their great experience, gave them no trouble.
Finally, it is commonplace law that a claimant, if qualified, may establish value of services by his own opinion (7 Am. Jur. 2d, Attorneys at Law, § 268, p. 197; 7 C. J. S., Attorney and Client, § 204, p. 1121; Baruch v. Giblen, 122 Fla. 59, 64; Babbitt v. Bumpus, 73 Mich. 331, 335-336; cf. 21 N. Y. Jur., Evidence, § 457; Richardson, Evidence [9th ed.], § 384, p. 373, § 388, p. 381; Abbott, Facts [5th ed.], Value, § 1057, p. 1430; 4 Sedgwick, Damages [9th ed.], § 1303; Missouri Pacific Transp. Co. v. McDonald, 206 Ark. 270, 275). In short, on any view, including that of the majority, the record satisfies or should satisfy every standard to establish the value of the trustee’s services in this case.
Accordingly, I dissent and vote to affirm.
Chief Judge Fuld and Judges Burke, Gabrielli and Jokes concur; Judge Breitel dissents and votes to affirm in an opinion in which Judge Jasek concurs; Judge Wachtler taking no part.
Order reversed, without costs, and matter remitted to Supreme Court, Kings County, for further proceedings in accordance with memorandum herein.