George S. RUSH, d/b/a Rush Engineers, Appellant,

v.

METROCENTRE IMPROVEMENT DISTRICT NO. 1, Appellee,

v.

The HOME INSURANCE COMPANY, Appellee.

No. 81–2325.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1982.

Decided July 23, 1982.

Thomas J. Knight, Anniston, Ala., for appellant.

John S. Choate, Little Rock, Ark., for appellee Home Ins. Co.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and STEVENS,* District Judge.

HENLEY, Senior Circuit Judge.

George S. Rush appeals an adverse decision of the district court on his claim for attorney's fees. In essence, he contends that his attorney has an enforceable lien on funds paid into the court by Metrocentre Improvement District No. 1 (Metrocentre), and that this lien has priority over a claim of The Home Insurance Company (Home), which was interpleaded by Metrocentre as a third-party defendant. We agree and reverse.

The underlying action involves a claim by Rush, a general contractor, for the unpaid balance of a contract entered into between Rush and Metrocentre for the construction of a shopping mall known as the Metromall. Contemporaneously, Rush and Home issued payment and performance bonds to Metrocentre, which, among other things, guaranteed that Rush would pay its subcontractors and suppliers for labor and materials furnished.

The project was substantially completed in August of 1978, and was accepted by Metrocentre on October 25, 1979. Rush, however, failed to pay a substantial amount of money owed to its subcontractors who, in turn, claimed against Home pursuant to the performance bond. Home paid the subcontractors, and then refused to consent to Metrocentre's release of the $33,031.25 balance remaining due on the contract. Metrocentre withheld this balance, and on March 10, 1980 Rush retained the attorney of record for the purpose of recovering the balance claimed from Metrocentre.

The present action was filed on July 7, 1980, and named Metrocentre as defendant. Home was subsequently interpleaded as a third-party defendant and Metrocentre paid into the district court the $33,031.25 balance due.

On February 19, 1981 Rush and Home, who had been engaged in disputes involving approximately $10,000,000.00 in other cases, resolved over $1,000,000.00 of the claims between them by entering into a comprehensive settlement agreement. Paragraph 4.B of the agreement provided that on or before September 1, 1981 Rush would pay Home the sum of $150,000.00 by means of a cashier's check. Paragraph 10.D of the agreement, however, modified paragraph 4.B by providing that Rush would assign to Home all funds paid into the court by Metrocentre, and that Rush would receive a $19,048.71 credit [1] on the $150,000.00 owed Home, less one-half of any amount by which the court-held funds were diminished prior to receipt by Home.[2] Rush now claims that the funds paid into the court by Metrocentre are subject to an attorney's lien.

Section 25–301 of the Arkansas statutes provides for the creation of an attorney's lien upon his client's cause of action upon the occurrence of either of the following two events: (1) service by registered mail of notice upon the adverse party enumerat-

---

* The Honorable Joseph E. Stevens, Jr., United States District Judge, Eastern and Western Districts of Missouri, sitting by designation.

1. This figure was apparently arrived at by subtracting from the $33,031.25 balance owed $13,982.54, which appears to represent the amount of money actually paid to the subcontractors by Home.

2. Paragraph 10.D provides as follows:
   D. Notwithstanding any provision in this paragraph to the contrary, the parties agree that contract funds arising from the Little Rock, Arkansas, Metrocentre Mall Project shall be disposed of as follows:
   (1) All such funds paid by the owner of the Metrocentre Mall into the registry of the

Court in a civil action known as *George S. Rush, d/b/a Rush Engineers vs. Metrocentre Improvement District No. 1 vs. The Home Insurance Company*, Civil Action Number LR–C–80–330, in the United States District Court for the Eastern District of Arkansas, Western Division, shall be, and are herewith assigned by Rush to Home;
   (2) Home agrees that Rush shall have a credit against his obligation under Paragraph 4.B. of this Settlement Agreement in the amount of $10,048.71, less one-half (½) of any amount by which said funds paid into the registry of said Court are diminished prior to receipt by Home.

ing the cause of action; or (2) the commencement of an action against the adverse party.[3] Further, the statute provides that the lien "attaches to any settlement . . . in his client's favor and the proceeds thereof in whosoever hands they may come; and such lien cannot be defeated and impaired by any subsequent negotiation or compromise by any parties litigant . . . ." Ark. Stat.Ann. § 25–301. The statute is to be liberally construed to effectuate its purposes. *Slayton v. Russ*, 205 Ark. 474, 169 S.W.2d 571–72 (1943).

The district court, in resolving this issue, found as follows:

> At the time plaintiff's complaint was filed, he had no right to the contract funds which subsequently were interpleaded into the Court. The resolution of this case does not result in a settlement,

verdict, report, decision, judgment or final order in Rush's favor. The balance of the interpleader fund, after subtracting the reasonable costs and attorney fees of Metrocentre, is the property of and payable to Home.

*Rush v. Metrocentre Improvement District No. 1*, No. LR–C–80–330 (filed Nov. 6, 1981).

This finding, however, overlooks the underlying nature of the transactions involved in the February 19, 1981 Settlement Agreement. In essence, under Paragraph 10.D, Rush assigned all rights to the interpleaded funds in return for Home's agreement to forgive a part of an obligation owed it by Rush on claims other than Home's claim to the interpleaded funds. The situation would be no different had Rush accepted $19,048.71 in cash in settlement of his claim

---

**3.** The full text of § 25–301 is as follows:

25–301. Compensation governed by contract—Lien of attorney—Judgment for fee in compromise without attorney's consent.— The compensation of an attorney, solicitor, or counsellor at law for his services is governed by agreement, expressed or implied, which is not restrained by law. From and after service upon the adverse party of a written notice signed by the client and by the attorney, solicitor, or attorneys representing said client, said notice to be served by registered mail a return receipt being required to establish actual delivery of such notice, the attorney or solicitor or counsellor serving said notice upon the adversary party shall have a lien upon his client's cause of action, claim or counterclaim, which attaches to any settlement, verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whosoever hands they may come; and said lien cannot be defeated and impaired by any subsequent negotiation or compromise by any parties litigant, provided, however, that the lien shall apply only to the cause or causes of action specifically enumerated in said notice and provided further that in the event such notice is nor [not] served upon the adverse party by an attorney or solicitor representing his client then in that event the same lien herein created shall attach in favor of the attorney, solicitor or attorneys from and after the commencement of an action or special proceeding or the service upon an answer containing a counterclaim, in favor of the attorney, solicitor and counsellor who appears for and signs a pleading for his client in said action, claim or counterclaim in which said attorney, solicitor

and attorneys have been employed to represent such client.

And in case a compromise or settlement is made by the parties litigant to the action after service of said notice by registered mail and before the filing of suit or if made after suit is filed upon said action and such compromise or settlement be made without the consent of such attorney, solicitor or counsellor at law, the court of proper jurisdiction shall, upon motion, enter judgment for a reasonable fee or compensation against all of the parties to such compromise or settlement so made without such consent of such attorney, solicitor, or attorneys and the amount of such fee or compensation shall not be necessarily limited to the amount, if any, of the compromise or settlement between the parties litigant.

Any agreement, contract or arrangement between litigants or any conduct of the one seeking affirmative relief at the instance and procurement of his adversary which deprives such litigant of his asserted right against his adversary shall constitute a compromise or settlement of his cause of action within the meaning of this section. And if such compromise or settlement be affected by an agent or agents of such party, the said judgment shall be entered against said agent or agents as well as against whom such attorney, solicitor or counsellor is entitled to judgment for such fee or compensation; and if such compromise or settlement is made with the knowledge or advice of the attorney, solicitor or attorneys of such party the court shall also enter judgment against such attorneys, solicitors, or counsellors as well.

Ark.Stat.Ann. § 25–301.

to the interpleaded funds and then applied that money in partial satisfaction of other obligations owed Home.

There can be no question that a decrease in the monetary obligations owed by an individual confers a benefit upon that individual to the extent that his burden is lessened. *Cf.* Restatement (Second) of Contracts § 338, Comment c (a transfer of property in satisfaction of a preexisting debt is a transfer for value). Accordingly, because the transaction set forth in Paragraph 10.D of the agreement has operated to reduce Rush's other obligations, he has benefitted to the extent of that reduction.

In sum, we hold that the Settlement Agreement was a settlement in Rush's favor in the amount of $18,161.61 [4] within the meaning of the statute. Therefore, Rush's attorney has a valid and enforceable lien which has attached to that sum.

The judgment of the district court on this issue is reversed, and the cause is remanded to the district court for further proceedings consistent with this opinion.

---

4. We observe that the credit allowed was to be reduced by one-half of any amount by which the interpleaded funds were reduced prior to receipt by Home. We also note that the district court reduced that fund by $1,774.20 in payment of Metrocentre's attorney fees. Consequently, the actual benefit conferred upon Rush is $18,161.61 ($19,048.71—$1,774.20/2).