**Petition for Writ of Mandamus Denied and Memorandum Majority and Concurring Opinions filed November 23, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00438-CV

---

### IN RE RONALD SCOTT CATT, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 16-DCV-229074**

---

## MEMORANDUM CONCURRING OPINION

This court has previously reviewed and rejected relator's legal claims that the trial court lacked subject-matter jurisdiction because of noncompliance with the forfeiture statute. *See Catt v. DeLozier*, No. 14-16-00524-CV, 2017 WL 2384636, at *4 (Tex. App.—Houston [14th Dist.] June 1, 2017, pet. denied); *see also State v. Silver Chevrolet Pickup VIN 1GCEC14T7YE257128 TAG NO. 3TMX16*, 140 S.W.2d 691, 694 (Tex. 2004) (noncompliance with Tex. Code Crim. Proc. Ann. art.

59.04(g) not jurisdictional). Although the original-proceeding record in this mandamus does not contain the final judgment in the underlying civil-forfeiture proceeding, relator's current petition asserts the same legal challenge that was addressed in his 2017 appeal.[1] The issue raised here is one of issue preclusion, and we may take judicial notice of our own records between the same parties involving the same subject matter. *See* Tex. R. Evid. 201(b), (c) (court may take judicial notice on its own of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also Texas Real Estate Comm'n v. Nagle*, 767 S.W.2d 691, 694 (Tex. 1989) ("A court may take judicial notice of its own records and judgments, but the use to which such records may be put is circumscribed by the doctrines of res judicata and collateral estoppel.") (underlying judicial notice by El Paso Court of Appeals predated January 1, 1988 effective date of Texas Rules of Civil Evidence).

---

[1] In 2018, relator also filed a petition for writ of mandamus with this court seeking to compel the trial court to rule on his "Motion to Release Property," which relator filed in the trial court in 2014 and asserted was still pending in 2018. This court denied the petition explaining that relator's underlying motion, as well as his writ of mandamus, were moot because the property had already been forfeited to the State. *In re Catt*, No. 14-18-00701-CR, 2018 WL 4017003, at *1 (Tex. App.—Houston [14th Dist.] Aug. 23, 2018) (orig. proceeding). In that 2018 petition, relator did not raise his claim that the trial court lacked subject-matter jurisdiction in that proceeding. *See id*.

Accordingly, I respectfully concur with the denial of relator's petition for writ of mandamus.[2]

/s/    Charles A. Spain
        Justice

Panel consists of Justices Jewell, Spain, and Wilson (Spain, J., concurring).

---

[2] I applaud the court for deciding the case for reasons other than petitioner's purported noncompliance with judicially-created "extra rules" concerning presentment of motions by incarcerated persons. *See In re Gomez*, 602 S.W.3d 71, 74–75 (Tex. App.—Houston [14th Dist.] 2019) (orig. proceeding) (Spain, J., concurring); *In re Pete*, 589 S.W.3d 320, 322–24 (Tex. App.—Houston [14th Dist.] 2019) (orig. proceeding) (Spain, J., concurring).