WHETSTONE *v.* DANIEL.

4-9285                                                    233 S. W. 2d 625

Opinion delivered November 13, 1950.

900

*Bernard Whetstone,* for appellant.

GEORGE ROSE SMITH, J. This case went off below on demurrer to the complaint. The plaintiff, a lawyer, alleged in his complaint that he had been employed by a Texas finance company to collect a balance of $226.12 from the defendant or to repossess the car on which this debt was owed. Upon being so employed the plaintiff called on the defendant and obtained a promise that the defendant would on the following day either pay the debt or surrender the car. In disregard of his promise the defendant made a direct settlement with the finance company, after which the latter offered to pay the plaintiff a nominal fee for his services. The complaint asserts that the defendant, by settling with the finance company, deprived the plaintiff of the lien he would otherwise have had on the car or on the proceeds of collection. Judgment is prayed for a reasonable fee, which is said to be half the debt that the plaintiff was employed to collect. The trial court sustained a demurrer to this complaint, and the appeal is from the ensuing order of dismissal.

We agree that no cause of action is stated. Our present statute provides that an attorney shall have a lien on his client's cause of action from and after service upon the adverse party of written notice by registered mail, or, in the absence of such written notice, from and after the filing of suit. If the adverse party then compromises the claim without the attorney's consent he is liable

to the attorney for a reasonable fee. Ark. Stats. 1947, § 25-301.

Here the plaintiff admits that he neither gave written notice nor filed suit. Since, however, the statute is to be liberally construed, *Slayton* v. *Russ,* 205 Ark. 474, 169 S. W. 2d 571, 146 A. L. R. 64, the appellant insists that his action in visiting the appellee and demanding payment of the claim should be considered substantial compliance with the requirement of written notice by registered mail. But even a liberal interpretation must be consistent with the basic intent of the statute. To construe the law as the appellant suggests would simply dispense with the necessity of giving notice by registered mail. That notice is a necessary element in the legislative scheme. It gives the recipient unmistakable warning that the attorney is insisting upon his lien and that any subsequent compromise will involve liability for the attorney's compensation. Not having given the appellee the warning required by the statute, the appellant must look to his own client for his fee.

Affirmed.