METROPOLITAN LIFE INSURANCE COMPANY *v.*
PAUL K. ROBERTS

5-4052                                              411 S. W. 2d 299

*Coleman, Gantt, Ramsay & Cox,* for appellant.

*Frank W. Wynne,* for appellee.

PAUL WARD, Justice. A complaint was filed by Attorney Paul K. Roberts (appellee, represented by another attorney) to collect a fee from the Metropolitan Life Insurance Company (appellant) based on legal services rendered in an attempt to collect on an insurance policy written by appellant in which his client was the beneficiary.

A jury trial resulted in a judgment in favor of appellee for $1,000, and this appeal follows.

*Facts.* The basic background facts, about which there is no dispute, are as follows. On November 1, 1950 appellant issued its policy to George O. Henley undertaking to pay, at his death, the sum of $5,000 to his wife, Mrs. Lela M. Henley. Mr. Henley died January 5, 1964 and when payment was not promptly paid Mrs. Henley on July 22, 1964, employed appellee to effect settlement, agreeing to pay a fee. Appellee promptly gave appellant notice of his employment and forthwith began writing letters and gathering information, with appellant's knowledge and consent, in an effort to effect payment. These activities by appellee continued until March 4, 1965 when he was notified by Mrs. Henley that his employment was terminated. This information was also made known to appellant.

On May 12, 1965 appellant wrote appellee it would pay Mrs. Henley the $5,000 when she executed certain forms and returned them, which she did. On June 3, 1965 appellee wrote appellant that he had "expended a great amount of labor and time in the prosecution of Mrs. Henley's claim", and that he was impressing a lien, under Ark. Stat. Ann. § 25-301 (Repl. 1962) on the proceeds of the policy. Replying to this letter on June 10,

1965 appellant wrote appellee stating, in substance, that his claim had no merit, and that it would pay the $5,000 to Mrs. Henley "unless within ten days from the date of this letter you are able to restrain the company from doing so by legal process". The money was paid to Mrs. Henley and appellee filed this action on July 7, 1965, asking for a reasonable attorney's fee on a quantum meruit basis.

On appeal appellant urges only two points for a reversal.

*One.* It is that "appellee was not entitled to an attorney's lien because he failed to comply with requirements for notice in the statute".

The statute mentioned above is Ark. Stat. Ann. § 25-301 (Repl. 1962). This statute is a lengthy one and it would serve no useful purpose to quote it in full, especially so due to the point here raised. Suffice to point out the following language:

> "From and after service upon the adverse party a written notice signed by the *client* and by the attorney . . . to be served by registered mail . . . ." (Emphasis ours.)

Referring to the above language it is appellant's sole contention that the notice given by appellee in his letter written on June 3, 1965 (mentioned previously) was not signed by the *client,* Mrs. Henley. It is true that Mrs. Henley did not sign the notice, but we cannot agree that this omission is fatal.

As we interpret the intent and purpose of the statute it was enacted to make sure (in this case) that appellee represented Mrs. Henley and that appellant would be aware of appellee's intention to claim a lien, for his fee, on the proceeds of the litigation before they were paid to the client (Mrs. Henley). We hold that the notice here given by appellee was a substantial compliance with

the above provision of the statute, under the undisputed facts as previously set out. Here appellant was fully, aware of appellee's claim before paying the money to Mrs. Henley. This view is supported by language found in the emergency clause of Act No. 306 of 1941 (said: act being 25-301), where it explains the reason for avoiding the "necessity of filing suit under existing laws in order to establish the lien of attorneys. . ." This Court has held that a statute of this kind should be liberally construed: *St. Louis, Iron Mountain & Southern Railway Company* v. *Hays and Ward,* 128 Ark. 471 (p. 478), 195 S. W. 28; *Slayton* v. *Russ,* 205 Ark. 474 (p. 476), 169 S. W. 2d 571, and *Whetstone* v. *Daniel,* 217 Ark. 899 (p. 901), 233 S. W. 2d 625.

Having concluded that the notice here given by appellee was a substantial compliance with the statute, it follows that appellee is entitled to a "*reasonable* fee for his services", as was held in *Whetstone* v. *Travis, et al,* 223 Ark. 856 (p. 858), 269 S. W. 2d 320.

*Two.* We find no reversible error based on this point, which is that the statute does not cover an *unmatured* contract right. The thrust of appellant's argument appears to be that no liability or *cause of action* attached against it until proof was furnished that Mr. Henley was continuously disabled from 1961 to the time of his death (as provided by the terms of the policy), pointing out such proof was not furnished here before appellee gave notice of his claim. It is then pointed out that section 25-301 provides for an attorney's lien upon his clients *cause of action.*

We cannot agree with the above contention. In the case of *Metropolitan Life Insurance Company* v. *McNeil,* 192 Ark. 978 (p. 984), 96 S. W. 2d 476, where this same question was under consideration, we said:

"The rule is that liability attaches upon the happening of total and permanent disability, although not recoverable until due proof of disability was made".

998

In this case there can be no question about "due proof" being made, because the full claim was paid by appellant.

Finding no error, the judgment of the trial court is affirmed.

Affirmed.