## HOME INSURANCE COMPANY *v.* Guy H. JONES

5-6016                                485 S.W. 2d 190

Opinion delivered October 9, 1972

*Griffin Smith,* for appellant.

*William Clay Brazil, William M. Clark, George F. Hartje Jr., Robert W. Henry, Guy Jones Jr.* and *Phil Stratton,* for appellee.

FRANK HOLT, Justice. This appeal results from a judgment approving appellee's statutory motion for a judgment and the enforcement of an attorney's lien. On December 12, 1968, William E. Williams was injured in an automobile collision. A few days later it appears that Williams retained the appellee as his attorney and signed a contract providing for a contingent fee of 50%. On November 21, 1969, the appellee filed suit on behalf of Williams and his wife to recover certain alleged damages. Summons was duly issued. On November 24, 1969, without appellee's con-

sent or knowledge, a compromise settlement was effected between Williams and his wife with the appellant which had the insurance coverage on the defendants. The next day the appellant filed a petition in the U. S. District Court requesting determination of its liability to the appellee. The next day the appellee filed in the local state court, where the tort action was pending, a statutory motion for a judgment and the enforcement of his asserted attorney's lien upon the settlement. The Federal Court conducted a hearing and referred the issue to the state court. After reviewing the record of the proceedings in the Federal Court, the trial court found that appellee was entitled to an attorney's lien upon the proceeds of the settlement inasmuch as a "lien attaches at the filing of an action." The trial court rendered a judgment against Williams and the appellant in the sum of $17,312.49, which represented 50% of the amount of the settlement. From that judgment appellant brings this appeal.

For reversal appellant first asserts an attorney's lien does not attach until after the summons issued on a complaint is actually placed in the hands of the sheriff of a proper county. Appellee, however, contends that his attorney's lien attached when the suit was filed. It is undisputed that the settlement occurred before the summons was placed in the hands of the sheriff. Therefore, the narrow question is presented as to when an attorney's lien attaches in a case where a settlement by the parties litigant to the action occurs without the consent of the attorney.

We must agree with appellant that appellee's asserted lien had not attached at the time of the unauthorized settlement. In reaching this determination, we are not unmindful of appellee's argument that the attorney's lien "statute is remedial and subject to liberal construction." *Metropolitan Life Ins. Co.* v. *Roberts*, 241 Ark. 994, 411 S.W. 2d 299 (1967), *Slayton* v. *Russ*, 205 Ark. 474, 169 S.W. 2d 571 (1943). However, "even a liberal interpretation must be consistent with the basic intent of the statute." *Whetstone* v. *Daniel*, 217 Ark. 899, 233 S.W. 2d 625 (1950). Ark. Stat. Ann. § 25-301 (1962 Repl.) provides two methods by which an attorney's lien attaches. First, it attaches "from and after service upon the adverse party of a written no-

tice signed by the client and by the attorney **** said notice to be served by registered mail." About two months before the unauthorized settlement, in the case at bar, the appellee informed the appellant by phone that he was representing Williams. A letter to that effect was requested by appellant. Appellee admits that he never gave any type of a written notice to appellant. Therefore, we do not consider *Metropolitan Life Ins. Co.* v. *Roberts, supra,* applicable to this situation. The requirement made by our legislature with respect to a written notice is commented upon in *Whetstone* v. *McDaniel, supra,* where we said:

> "****that notice [written] is a necessary element in the legislative scheme. It gives the recipient unmistakeable warning that the attorney is insisting upon his lien and that any subsequent compromise will involve liability for the attorney's compensation."

No case is cited to us that oral notice constitutes substantial compliance with the legislative intent.

Second, our statute, § 25-301, provides that when the required written notice has not been given to the adverse parties that the lien attaches "from and after the commencement of an action." In order to determine the legislative intent as to when an action commences, we must resort to a definition of those words. This is found in Ark. Stat. Ann. § 27-301 (1962 Repl.). There, by a 1962 amendment, the legislature now requires that before an action is commenced the summons must be placed in the hands of the sheriff. It is undisputed that the summons was not in the hands of the sheriff until a few days following the date of the settlement. The appellant and the appellee both rely upon *Union Sawmill Co.* v. *Pace, Campbell & Davis,* 163 Ark. 598, 260 S.W. 428 (1924). There we were asked to ascertain the legislative intent in using the words "commencement of an action" in our attorney's lien statute. In doing so we referred to the statute, similar to our present statute, § 27-301, except for the 1961 amendment, provided that a civil action was commenced upon the filing of a complaint and issuance of a summons. There we said:

> "We think there can be no doubt that the legislature,

in the enactment of § 628 of Crawford & Moses' Digest [Ark. Stat. Ann. § 25-301 (1962 Repl.)] used the particular language, 'from the commencement of an action or special proceeding' in the sense defined by § 1049, Crawford & Moses' Digest [Ark. Stat. Ann. § 27-301 (1962 Repl.)] as interpreted in the cases cited above."

"Section 1049 of Crawford & Moses Digest [Ark. Stat. Ann. § 27-301 (1962 Repl.)] is broad and applies without exception to all kinds of civil cases."

Likewise, in the case at bar, we hold that in construing the legislative intent with respect to these same words "commencement of an action," in our present attorney's lien statute, we must again refer to the latest expression of our legislature as to when an action commences. As previously indicated, in 1961 the legislature amended § 27-301 to require that summons be "placed in the hands of the sheriff of the proper county or counties." Therefore, we hold that when an attorney fails to give the required written notice to the adverse party a lien does not attach until the summons, issued on the complaint, is placed in the hands of the proper sheriff.

Nor can we agree with appellee's argument that an attorney's lien attaches upon filing an action. Appellee relies upon the second paragraph of our lien statute, § 25-301.

"And in case a compromise or settlement is made by the parties litigant to the action **** or if made after suit is filed upon said action and such compromise or settlement be made without the consent of such attorney, **** the court of proper jurisdiction shall, upon motion, enter judgment for a reasonable fee or compensation ***."

In our view the first paragraph of § 25-301 relates to the two methods by which an attorney's lien is actually created. The second paragraph merely provides the procedure for the enforcement of attorney's lien once it comes into existence.

In view of our construction of the pertinent statutes, it becomes unnecessary for us to discuss appellant's other contention for reversal that estoppel prevents the appellee from asserting his attorney's lien. Since neither of the defined statutory warnings was given by appellee, the judgment as to the appellant is reversed and dismissed. Inasmuch as Williams does not appeal, the judgment remains in effect as to him.

Accordingly, the judgment is reversed and dismissed.