## GARY EUBANKS AND ASSOCIATES *v.* BLACK AND WHITE CAB CO.

CA 90-327                                                  808 S.W.2d 796

Court of Appeals of Arkansas
Division I
Opinion delivered May 22, 1991

*Gary Eubanks & Associates,* by: *James Gerard Schulze,* for appellant.

*John Wesley Hall, Jr.,* by: *William A. McLean,* for appellee.

GEORGE K. CRACRAFT, Chief Judge. Gary Eubanks and Associates appeals from an order dismissing its complaint brought against appellee Black and White Cab Company under the attorney's lien statutes. We find no error and affirm.

In December 1988, Alan Franks employed appellant to represent him in a tort claim against appellee. In a written contract of employment, Franks agreed to pay appellant a contingent fee of one-third of all sums recovered from appellee by settlement or otherwise. Shortly thereafter, appellee received a letter stating that appellant represented Franks and requesting that appellee ask its insurance company to contact appellant. The letter further requested that, if appellee had no insurance, it sign an enclosed affidavit of noninsurance to "help speed up processing

the case." The letter made no mention of intent to assert a lien on the proceeds of the claim and bore the signature of neither an attorney in the firm nor the client. It did contain a stamped statement that the letter had been dictated by someone in the appellant firm "but typed and mailed in his absence." The letter was sent by ordinary mail.

Subsequently, Franks personally settled his claim with appellee, and the entire proceeds of the settlement were delivered to Franks. Appellant then brought this action, claiming that appellee's action had deprived appellant of its "contractual lien," and seeking judgment against appellee for one-third of the amount paid to Franks in settlement of the claim. Both parties moved for summary judgment, asserting that no genuine issues of material fact remained to be decided. The trial court granted appellee's motion, holding that appellant's actions were insufficient under Ark. Code Ann. § 16-22-302 (1987) to put appellee on notice of appellant's claim to a lien.

Arkansas Code Annotated § 16-22-302(a)(1) provided as follows:

> From and after service upon the adverse party of a written notice signed by the client and by the attorney at law, solicitor, or counselor representing the client, which notice is to be served by registered mail, a return receipt being required to establish actual delivery of the notice, the attorney at law, solicitor, or counselor serving the notice upon the adversary party shall have a lien upon his client's cause of action, claim, or counterclaim, which attaches to any settlement, verdict, report, decision, judgment, or final order in his client's favor, and the proceeds thereof in whosoever's hands they may come.

The intent and purpose of the statutory requirements are to assure that the adverse party knows that the attorney represents his client and to make the adverse party aware of the attorney's intent to claim a lien on the proceeds of the claim for the amount of the attorney's fee. *Metropolitan Life Insurance Co.* v. *Roberts*, 241 Ark. 994, 411 S.W.2d 299 (1967). The requirement that the notice be given by registered mail is intended not only to serve as proof of the adverse party's receipt, but also to give the recipient "unmistakable warning that the attorney is insisting upon his lien

and that any subsequent compromise will involve liability for the attorney's compensation." *Whetstone* v. *Daniel*, 217 Ark. 899, 901, 233 S.W.2d 625, 626 (1950).

We agree with appellant that strict compliance with the statute is not required and that substantial compliance will suffice. *See Metropolitan Life Insurance Co.* v. *Roberts, supra.* The extent of appellant's reliance on *Roberts*, however, is misplaced. There, the only failure in compliance was that the written notice did not contain the signature of the client. There was no indication that any of the other requirements of the statute were not met. Under the circumstances of that case, the court held that the attorney had substantially complied with the statute and permitted recovery.

Here, unlike in *Roberts*, the letter does not contain notice of intent to assert an attorney's lien on the proceeds of the claim, was not dispatched by registered mail, and contains the signature of neither attorney nor client. Even a liberal interpretation must be consistent with the basic intent of the statute. *Whetstone* v. *Daniel, supra.* To construe the statute as appellant suggests would simply dispense with the necessity for compliance with any of the statutory requirements. Not having given appellee the warning required by the statute, appellant must look to its client for its fee. *Id.*

Affirmed.

MAYFIELD, J., agrees. ROGERS, J., concurs.

JUDITH ROGERS, Judge, concurring. I concur with the majority opinion, which at first glance may seem to lead to a harsh result. I feel that previous cases would indicate that substantial compliance would satisfy the intent of the statute. Our opinion today is a warning to attorneys to employ language specifically asserting their lien in correspondence with the opposing counsel or party.