Callis CHILDS *v.* MID-CENTURY INSURANCE CO.

CA 95-1198                                    934 S.W.2d 533

Court of Appeals of Arkansas
Division II
Opinion delivered December 4, 1996

*Ricky Ashlock*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Elizabeth Fletcher Rogers*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Callis L. Childs appeals from a decision of the chancery court which held that he did not effect an attorney's lien against funds paid by appellee Mid-Century Insurance Company. For reversal, Mr. Childs argues that the chancellor erred in failing to recognize an attorney's lien, as against the appellee, in connection with his representation of James Trezvant, Jr. In addition, Mr. Childs contends that the chancellor erred in ruling that he did not represent Mr. Trezvant in the claim at issue. We find no error and affirm.

The relevant undisputed facts of this case are as follows. On May 24, 1993, Mr. Trezvant was injured in an automobile accident. Thereafter, he sought compensation from Mid-Century Insurance, as insurer of the party allegedly responsible for the accident. On June 1, 1993, Mr. Trezvant signed a retainer agreement with Mr. Childs which provided that Mr. Childs would represent him with regard to the accident. The agreement provided for Mr. Childs to receive 40% of any recovery by settlement or suit. In addition, Mr. Trezvant signed an authorization for release of information, which allowed Mr. Childs to obtain various medical records. On the same day, Mr. Trezvant and Mr. Childs went to the location of Mr. Trezvant's wrecked automobile and took several pictures of the

damage.

On June 2, 1993, Karla Henderson, claims adjuster for the appellee, received a call from Mr. Childs. During this conversation, Mr. Childs related that he represented Mr. Trezvant, and Ms. Henderson told him that he needed to send a letter confirming such representation. Mr. Childs sent a letter to this effect on June 2 and it was received by Ms. Henderson on June 7. However, on June 3 Mr. Trezvant called Ms. Henderson and informed her that he had fired Mr. Childs, and offered to settle the case for $25,000.00. Ms. Henderson responded by offering $2500.00 and requesting a letter from Mr. Trezvant indicating that he was no longer represented by Mr. Childs. Such a letter was eventually received on August 13, in which Mr. Trezvant stated that, while he initially retained Mr. Childs as counsel for a potential products-liability case against General Motors, Mr. Childs was never retained to represent him in his claim against appellee's insured.

Between June 2 and Ms. Henderson's receipt of Mr. Trezvant's letter on August 13, Mr. Childs contacted Ms. Henderson by telephone and asked her to make sure that any settlement check contained his name. During this time period, Ms. Henderson informed Mr. Childs that Mr. Trezvant wished to settle the case without an attorney. On August 20, Mr. Childs sent Mr. Trezvant a letter advising him that he was asserting a 40% lien against any settlement recovery. On August 24, Mr. Trezvant and Mid-Century Insurance did, in fact, settle the claim and Mr. Trezvant received a check for $7500.00.

On September 8, Mr. Childs sent a letter to Ms. Henderson advising her that he was asserting an attorney's lien. On September 17, he sent another letter to Ms. Henderson enclosing, for the first time, a copy of the authorization of release of information signed by Mr. Trezvant. Ms. Henderson refused to honor any lien, however, because she had already settled the claim directly with Mr. Trezvant and because "we were not provided with a court approved lien" prior to August 24, 1993.

At the trial, there was some dispute as to the extent of Mr. Childs's representation of Mr. Trezvant. Mr. Childs asserted that the parties' June 1, 1993, agreement was for the representation of Mr. Trezvant in his claim against Mid-State Insurance. Mr. Trezvant denied this assertion, stating that he only retained Mr.

Childs to represent him in a possible claim against General Motors for a defective air bag.

After the trial, the chancery court ruled that Mr. Childs did not substantially comply with the relevant attorney's lien statute and was entitled to no relief. Mr. Childs now argues that this ruling was erroneous, and asserts entitlement to a judgment in an amount equal to 40% of the $7500.00 settlement. Mr. Childs also contends that the chancellor erred in finding that he did not represent Mr. Trezvant in his claim against Mid-Century Insurance.

The statute under which Mr. Childs requests relief is Ark. Code Ann. § 16-22-304(a)(1) (Repl. 1994), which provides:

> 16-22-304. LIEN OF ATTORNEY CREATED.
>
> (a)(1) From and after service upon the adverse party of a written notice signed by the client and by the attorney at law, solicitor, or counselor representing the client, which notice is to be served by certified mail, a return receipt being required to establish actual delivery of the notice, the attorney at law, solicitor, or counselor serving the notice upon the adversary party shall have a lien upon his client's cause of action, claim, or counterclaim, which attaches to any settlement, verdict, report, decision, judgment, or final order in his client's favor, and the proceeds thereof in whosoever's hands they may come.

Mr. Childs acknowledges that, prior to the settlement, he never provided the appellee with a written notice of his representation signed by Mr. Trezvant as prescribed by the statute. However, he argues that his lien was nonetheless enforceable because he substantially complied with the statute by giving Mid-Century Insurance reasonable notice that he represented Mr. Trezvant in this matter.

A resolution of the issue before this court requires us to review two pertinent opinions that were cited by the parties and considered by the chancellor prior to rendering his decision. The first is *Metropolitan Life Ins. Col* v. *Paul K. Roberts*, 214 Ark. 994, 411 S.W.2d 299 (1967), a case in which the supreme court found substantial compliance with the attorney's lien statute. The second is *Gary Eubanks and Associates* v. *Black and White Cab*, 34 Ark. App. 235, 808 S.W.2d 796 (1991), a case in which we found that an attorney's lien was not

effected because the attorney failed to substantially comply with the same statute.

In *Metropolitan Life Ins. Co. v. Paul K. Roberts, supra,* the attorney represented his client in an attempt to recover under the provisions of a life-insurance policy. The attorney notified the insurance company in writing that he was representing the policy holder, but the policyholder client failed to sign the letter. Almost a year later, the attorney notified the insurance company in writing that he had "expended a great amount of labor and time in prosecution" of his client's claim, and asserted an attorney's lien. Shortly thereafter, the insurance company settled around the attorney, and the attorney sued the insurance company for his fee. The trial court found that a valid attorney's lien existed and the supreme court affirmed. In doing so, the supreme court indicated that, although the client's signature was not present on the notice of representation sent by the attorney, the attorney had substantially complied with the statute because he made the insurance company aware of the representation and asserted a lien in writing prior to the settlement.

*Gary Eubanks and Associates v. Black and White Cab Co., supra,* on the other hand, involved a case in which the attorney failed to establish substantial compliance with the attorney's lien statute. In that case, the attorney sent a letter to the appellee stating that he represented the claimant. However, this letter contained neither the attorney's signature nor that of his client. Furthermore, the letter was not sent by certified mail and did not notify the appellee of an intention to assert an attorney's lien. Relying on these facts, we held that the appellee was not given sufficient notice of the attorney's lien and suggested that, if the appellant wished to pursue a fee, it would have to look to its client rather than the appellee.

■ Based on prior precedent and the particular facts of the case now before us, we find no error in the chancery court's ruling that Mr. Childs failed to substantially comply with the attorney's lien statute. It is undisputed that the June 2, 1993, letter on which Mr. Childs relies did not contain the signature of Mr. Trezvant. Moreover, the letter did not make Mid-Century Insurance aware of any attorney's lien. Also of importance is the fact that, on the day after Mr. Childs sent the letter which asserted representation of Mr. Trezvant, Mr. Trezvant orally notified Ms. Henderson that Mr. Childs did not represent him in this case. From that point forward, Mr. Trezvant continued to deny that Mr. Childs was his

attorney and eventually sent Ms. Henderson a letter to this effect. Under these circumstances, the chancellor correctly determined that substantial compliance had not been established.

■ Mr. Childs's remaining argument is that the chancery court erred in ruling that he did not represent Mr. Trezvant in this matter. We need not address this argument because the chancery court never made such a determination. Rather, it concluded that even if an attorney-client relationship existed, Mid-Century Insurance is not liable because Mr. Childs failed to substantially comply with the provisions of Ark. Code Ann. § 16-22-304(a)(1) (Repl. 1994).

■ It has long been established that the appellate court will only reverse the decision of a chancery court if its findings are clearly erroneous. *Lotz* v. *Cromer*, 317 Ark. 250, 878 S.W.2d 367 (1994). In the instant case, we find that the chancery court's findings were not clearly erroneous and affirm.

We acknowledge Mr. Childs' contention in his reply brief that the appellee's brief should be stricken for noncompliance with Rule 4-2(a)(4) of the Arkansas Rules of the Supreme Court. We note that the appellee followed the sequence of the points raised in Mr. Childs's appeal, with the exception of raising a different point on its own which essentially addressed equitable and public-policy considerations regarding our disposition of this appeal. We find that this constituted substantial compliance with Rule 4-2(a)(4). Consequently, we considered all arguments prior to issuing this opinion, including those raised by the appellee.

Affirmed.

PITTMAN and GRIFFEN, JJ., agree.