NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  CUKER INTERACTIVE, LLC,

Debtor,

_____

PILLSBURY WINTHROP SHAW
PITTMAN, LLP,

Plaintiff-Appellee,

v.

CUKER INTERACTIVE, LLC,

Defendant-Appellant.

No.   21-55298

D.C. No.
3:20-cv-01882-CAB-BLM

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted February 18, 2022
Pasadena, California

Before:  BRESS and BUMATAY, Circuit Judges, and LASNIK,** District Judge.

In this adversary proceeding, Cuker Interactive, LLC appeals the district

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

court's order finding that the law firm of Pillsbury Winthrop Shaw has a valid Arkansas attorney's lien against Cuker. Because this appeal requires no further fact finding and presents a pure legal issue, we have jurisdiction under 28 U.S.C. § 158(d) to review the district court's final order. *See In re DeMarah*, 62 F.3d 1248, 1250 (9th Cir. 1995). Reviewing de novo, *see In re Tenderloin Health*, 849 F.3d 1231, 1234–35 (9th Cir. 2017), we affirm.

Because this is a bankruptcy proceeding, federal choice-of-law rules determine which state's substantive law applies. *In re Lindsay*, 59 F.3d 942, 948 (9th Cir. 1995). Applying federal choice of law rules requires us to "follow the approach of the Restatement (Second) of Conflict of Laws." *In re Vortex Fishing Sys., Inc.*, 277 F.3d 1057, 1069 (9th Cir. 2002). Although Cuker claims that *Lindsay* was wrongly decided, it binds us as a three-judge panel. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

We reject Cuker's argument that Restatement § 188 applies here. That section addresses "[t]he rights and duties of the parties with respect to an issue in contract." Although the parties have a contract (the Engagement Agreement), it has no nexus to the present lien dispute, as Cuker acknowledged at various points in this case. Instead, the lien is a non-consensual lien that arises from Arkansas statutes. *See* Ark. Code Ann. § 16–22–304. Section 251 of the Restatement is therefore the relevant section. It applies to the "validity and effect of a security interest in a chattel," and

specifically to liens that arise by operation of law, including attorney's liens.

Restatement (Second) of Conflict of Laws § 251 & comment *f*.

> Section 251 states:
>
> (1) The validity and effect of a security interest in a chattel as between the immediate parties are determined by the local law of the state which, with respect to the particular issue, has the most significant relationship to the parties, the chattel and the security interest under the principles stated in § 6.
>
> (2) In the absence of an effective choice of law by the parties, *greater weight will usually be given to the location of the chattel at the time that the security interest attached than to any other contact in determining the state of the applicable law*.

(Emphasis added).

Although both parties make plausible arguments under the § 6 factors that Arkansas and California each have a significant relationship to this dispute, subsection (2) of § 251 sets a presumption in favor of the law where the chattel is located, which here is Arkansas. As one secondary source explains:

> The generally accepted view is that the existence and effect of an attorney's lien is governed by the law of the place in which the contract between the attorney and the client is to be performed, that is, in which a contemplated action or proceeding is to be instituted, and that the place of contracting is immaterial where the contract contemplates the institution of an action in another jurisdiction.

*Conflict of Laws as to Attorneys' Liens*, 59 A.L.R.2d 564, § 4. Cuker has not provided a sufficient basis to conclude that the § 6 factors overcome § 251's general preference for the law of the place where the chattel is located. *See also* Restatement

(Second) of Conflict of Laws § 251 comment *e* (explaining that "[t]he values of certainty and predictability of result are furthered as a consequence, since the place where a chattel is situated at a given time will either be known to the parties or else, except in rare instances, will be readily ascertainable"). Cuker's argument that it lacked sufficient notice that Arkansas law could apply is unpersuasive considering that Cuker knew it was retaining Pillsbury to represent it in litigation in Arkansas, and later filed a malpractice action against Pillsbury in that state.

Applying Arkansas law, Pillsbury has a valid lien. Arkansas Code Ann. § 16–22–304 sets out the procedures to perfect an attorney's lien in Arkansas. *See Mack v. Brazil, Adlong & Winningham, PLC*, 159 S.W.3d 291, 294–95 (Ark. 2004). It requires "service upon the adverse party of a written notice signed by the client and by the attorney at law . . . representing the client." Ark. Code Ann. § 16–22–304(a)(1). It also specifies "notice . . . to be served by certified mail" and "a return receipt" to "establish actual delivery of the notice." *Id.* The Arkansas Supreme Court has held, however, that "strict compliance with the attorney's lien statute is not required and substantial compliance will suffice." *Mack*, 159 S.W.3d at 295.

Pillsbury substantially complied with the lien statute. Although Pillsbury's lien was not signed by the client, Pillsbury sent written notice of its lien by certified mail to Walmart's counsel and to both of Cuker's principals, with return receipt requested. Pillsbury also emailed the notice to Cuker's principals, Walmart's

4

counsel, and Cuker's counsel. Cuker has not argued that it was unaware of Pillsbury's lien. Under analogous circumstances, the Arkansas Supreme Court has found substantial compliance with its attorney's lien statute. *See Mack*, 159 S.W.3d at 296; *Metropolitan Life Ins. Co. v. Roberts*, 411 S.W.2d 299, 300 (Ark. 1967). As a result, Pillsbury has a perfected lien.

**AFFIRMED.**